JOHN JEWETT & others *vs.* THOMAS C. STEER & others.

A lessor demised " all that farm and outlands, situated in D., now occupied by said lessor, but lately occupied by T., late of said D., deceased," reserving the house and all the garden and garden grounds; the lessor, at the time of making the lease, occupied as a part of his farm a lot, which had never been owned or occupied by T., but several acres of which were included in the garden and garden grounds; and the lessee immediately entered on this lot and cultivated it during the lease: It was held, that this lot was included in the demise.

THIS was an action of trespass for breaking and entering the plaintiffs' close situated in Dudley, in the county of Worcester, and cutting down and carrying away therefrom hay and oats, between the first of April, 1848, and the thirteenth of March, 1849. At the trial, before *Mellen*, J., in the court of common pleas, the plaintiffs' title to the close in question, under a deed from Isaac Davis, assignee of the estate of Henry S. Wheaton, an insolvent debtor, bearing date November 25th, 1846, was admitted. The defendant pleaded the general issue, and justified the alleged trespass, by virtue of a license from Alvah Kelsey, who claimed title to the close under a lease from Wheaton to him, dated the first day of June, 1846, for the term of two years and ten months, ending on the first day of April, 1849.

The material clauses in the lease were as follows: —

" The said Wheaton doth lease, demise, and to farm let unto the said Kelsey all that farm and outlands situated in said Dudley, now occupied by said Wheaton, but lately owned and occupied by Aaron Tufts, late of said Dudley, deceased."

" Provided always, and this lease is under the express condition, that the lessor reserves to his sole use and occupation the following described portions of said farm, to wit: the house now occupied by said lessor, the wood-shed and wood-yard, ash-house, tool-shop, carriage-house, and other outbuildings adjoining said house, the

farm house so called occupied by Thomas Taylor, gardener of said lessor, the milk-house, horse-stable, and cellar beneath the same, and the icehouse;" "said lessor also specially reserves all the garden and garden grounds which are now cultivated by said Taylor, including the greenhouse standing in said garden."

At the time of making the lease, Henry S. Wheaton, the lessor, owned and occupied the farm formerly owned and occupied by Aaron Tufts. Since the decease of Tufts, Wheaton had purchased a parcel of land of about twenty-five acres, called the Williams lot, adjoining the original Tufts farm. About six or seven acres of this new purchase, Wheaton had inclosed with the garden and garden grounds of the original Tufts farm, so as to enlarge that garden and grounds, to the extent of the six or seven acres. The remainder of the Williams lot thus purchased, which constituted the close in question, was separated by a fence from that portion taken into the garden. At the time of making the lease, Wheaton was in the actual occupation of the original Tufts farm and the Williams lot purchased by him as one entire farm; the Williams lot adjoining and being thus annexed to the original Tufts farm. Kelsey, immediately after the date of the lease, entered into possession of the close in question, and continued in possession, sowing and planting it, until the expiration of the lease. It was agreed, that if the lease from Wheaton to Kelsey included the close in question, the plaintiff could not recover; but that if the lease did not include it, the plaintiff might take judgment for twenty dollars damages. The presiding judge ruled, that the lease did not necessarily, by its terms, exclude the premises in question, but might include the same. The jury thereupon returned a verdict for the defendants, and the plaintiffs excepted.

*C. D. Bowman,* for the plaintiffs.

The description, " all that farm, &c., now occupied by said Wheaton, but lately owned and occupied by Aaron Tufts," is one entire description, of which the last clause makes an important part. 4 Cruise, (Greenl. Ed.) 242 – 244, and notes; *Law* v. *Hempstead,* 10 Conn. 23; *Corbin* v. *Healey,* 20 Pick. 514; 23 Am. Jur. 281. A subsequent particular description will control a precedent general one. *Smith* v. *Strong,* 14 Pick.

128; *Barnard* v. *Martin,* 5 N. H. 536; *Roe* v. *Vernon,* 5 East, 51; *Melvin* v. *Locks & Canals,* 5 Met. 15, 29. The stronger description must take precedence of the weaker one. *Cate* v. *Thayer,* 3 Greenl. 71; *Keith* v. *Reynolds,* 3 Greenl. 393; *Doe* v. *Galloway,* 5 B. & Ad. 43; *Marshall* v. *Pierce,* 12 N. H. 127.

*P. C. Bacon,* for the defendants, cited *Wheeler* v. *Randall,* 6 Met. 529; *Dana* v. *Middlesex Bank,* 10 Met. 250.

FLETCHER, J. The decision of this case depends on the construction of the lease from Wheaton to Kelsey. The question is, whether or not that part of the Williams lot which constitutes the close in question is included in the lease.

The terms of the lease are as follows, to wit: " The said Wheaton doth lease, demise, and to farm let unto the said Kelsey all that farm and outlands situated in said Dudley, now occupied by said Wheaton." If the lease stopped here there would be no question. The terms are, " all that farm and outlands now occupied by said Wheaton." These terms undoubtedly include the whole of the Williams lot, embracing the close in question, as that was then occupied by Wheaton in connection with and as a part of the original Tufts farm.

These terms therefore include the whole of the Williams lot, quite as clearly and certainly as they do the Tufts farm; both being then occupied together by Wheaton. But it is said, that these general terms of grant are restricted by what follows. The whole description of the premises granted reads thus: " The said Wheaton doth lease, demise, and to farm let unto the said Kelsey all that farm and outlands situated in said Dudley now occupied by said Wheaton, but lately owned and occupied by Aaron Tufts late of said Dudley, deceased." It is maintained for the plaintiffs, that these last words, " but lately owned and occupied by Aaron Tufts," qualify the previous description of the premises, as to all the farm and outlands occupied by Wheaton, and restrict the grant to what was owned and occupied by Tufts, and thus exclude the Williams lot, which was purchased by Wheaton. But there is nothing in the terms indicating an intention to restrict the first clause by the last, but both clauses apparently refer to the same premises, as being at the time occupied by Wheaton,

**9** *

and formerly by Tufts. It is maintained, however, that as the last clause describes the premises granted as having been owned and occupied by Tufts, and as he did not own and occupy the Williams lot, that lot must, upon the established rules of construction, be considered as excluded from the grant. But the rules of construction, to which the counsel for the plaintiff refers, by no means require the construction, for which he contends, with reference to this particular lease.

The whole description must be taken together; the first clause clearly and distinctly describes the premises granted as all the farm and outlands then occupied by Wheaton; thus clearly and unquestionably including the Williams lot. The next clause, " but lately owned and occupied by Aaron Tufts," is a general designation of the same premises mentioned in the first clause, not intended to be more particular or specific, but designating generally the whole as the Tufts farm; that being the greater and most important part. The two clauses of the description, taken together, very clearly mean the farm owned and occupied by Aaron Tufts, as then owned and occupied by Wheaton, the lessor, including the Williams lot, thus constituting one farm together.

Suppose Wheaton had made some addition to the dwelling-house; had put up a kitchen or additional room, which he occupied as a part of the house; and had then sold the house, and described it as all the dwelling-house now occupied by me, but lately owned and occupied by Aaron Tufts. It would hardly be doubted, that the purchaser would take the whole house, as it was at the time of the grant, with the new part, and that the clause, " lately owned and occupied by Aaron Tufts," being applicable to the greater and most important part of the house, was intended as a general designation of the house, but by no means intended to separate the new part from the old, or to vary or restrict the previous description of all the dwelling-house now occupied by the lessor.

When the lease in question described the premises granted, as all that farm and outlands now occupied by said Wheaton, the lessee had means of knowing what he took by the grant, but what was lately owned and occupied by Aaron Tufts, he

might have no means of knowing; and might be greatly deceived and injured, if the latter clause could be construed to restrict and take away what was granted in the previous clause.   The understanding of the parties, at the time, is clearly shown by the strong and decisive fact, that the lessee, immediately upon the execution of the lease, went into possession of the close in question, as a part of the premises contained in the lease.

The lessor also reserves " all the garden and garden grounds which are now cultivated by said Taylor."   This reservation includes the six or seven acres of the Williams lot, which were taken into the garden, and which were not included in the lease, if the lease embraced only what was owned and occupied by Aaron Tufts, as maintained on the part of the plaintiff.

The view now taken of the lease under consideration is fully supported by the case of *Melvin* v. *Locks & Canals*, 5 Met. 15, 29, where the cases are so fully collected and commented on, that it is unnecessary to go over them again particularly in the present case.   By the construction thus put upon the lease, that the close in question is included in the demised premises, the defendant is entitled to a verdict; and it is therefore unnecessary to consider the other question raised by the plaintiffs' counsel, as a new trial would be of no use.

*Exceptions overruled.*