HANNAH A. FITZPATRICK *vs.* ANNIE B. WELCH.

Suffolk.   November 14, 1899. — November 16, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Damages from Water flowing from one Estate to another — Instructions — Care required of Defendant.*

In an action for damages occasioned by water flowing from the roof of the defendant's stable into a gutter along the side of the stable and thence discharged upon the plaintiff's land in large quantities through an aperture in the gutter, a ruling that the defendant was bound to use only ordinary care properly is refused.

TORT, for damages to a retaining wall and a few articles of personal property upon the plaintiff's premises.   At the trial in the Superior Court before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*M. F. Farrell*, for the defendant.

*W. F. Kimball*, for the plaintiff, submitted the case on a brief.

HOLMES, C. J.   The plaintiff's case was that water flowing from the roof of the defendant's stable into a gutter along the side of the stable was discharged upon the plaintiff's land in large quantities through an aperture in the gutter, and thus did the damage for which suit is brought.   If these were the facts, a ruling that the defendant was bound to use only ordinary care properly was refused.

One who arranges a roof and gutter in such a way that the first will collect water and the second manifestly will discharge it upon a neighbor's land unless prevented, has notice that he threatens harm to his neighbor of a kind which the law in its adjustment of their conflicting interests does not permit him knowingly to inflict.   *Bates* v. *Westborough*, 151 Mass. 174, 181.   The danger is so manifest, so constant, and so great, that, although no doubt a possibility of harm does not always require more than the exercise of ordinary care to prevent it (*Quinn* v. *Crimmings*, 171 Mass. 255), and although in some States only ordinary care is required in cases like this (*Underwood* v. *Waldron*, 33 Mich. 232, 238, 239; *Garland* v. *Towne*, 55 N. H.

55), the requirement here and elsewhere is higher, and sometimes is stated as absolute, to prevent at one's peril the harm from coming to pass. *Shipley* v. *Fifty Associates*, 106 Mass. 194, 199. *Jutte* v. *Hughes*, 67 N. Y. 267, 272.

If the defendant is liable, she is liable for damage to artificial structures upon the plaintiff's land (*Copper* v. *Dolvin*, 68 Iowa, 757; *Martin* v. *Simpson*, 6 Allen, 102, 105, and cases below); and if the discharge of water caused the wall to fall, she is liable for it whether the wall was well constructed or not. The request which was refused would have exonerated the defendant if the wall was ill constructed, even though the bad construction did not contribute to the damage. It is not necessary to consider this question more nicely, as it appears that full instructions were given, and the only exception is to the refusal of the defendant's request. *Underwood* v. *Waldron*, 33 Mich. 232, 236, 237. *Gould* v. *McKenna*, 86 Penn. St. 297.

*Exceptions overruled.*