MARY A. SNEESON *vs.* EDWARD KUPFER *et ux.*

PROVIDENCE—FEBRUARY 23, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Duty of Land-owner to Travellers to keep Street in Safe Condition in front of Premises.*

In the absence of any legislative enactment on the subject, an abutting land-owner is not liable to travellers for injuries received by them because of a defect in the street in front of his premises, unless such defect is caused by his own act or fault.

TRESPASS ON THE CASE for negligence.   The facts are stated in the opinion.   Heard on demurrer to declaration. Demurrer sustained.

PER CURIAM.   The declaration alleges that it was the duty of the defendants to keep the sidewalk adjoining their prem-ises on a certain street or highway in a safe condition for per-sons passing along and over such sidewalk.   It further alleges that, being unmindful of their duty, they negligently and carelessly permitted the sidewalk to be and remain out of repair in this, that along the outer edge thereof a board or plank was carelessly and negligently set in the ground for the purpose of holding and containing the dirt or soil out of which the sidewalk was constructed, and that such board or plank was carelessly and negligently permitted to extend above the surface of the sidewalk for several inches.   The plaintiff avers that, being ignorant of the fact that such plank or board had thus been set in the ground and was extending or protruding above the surface of the sidewalk, and while she was walk-ing upon and along the public highway upon the sidewalk adjacent to the defendants' premises, and while in the exer-cise of due care, she struck her foot against the plank or board and stumbled and fell over the same with great vio-lence upon the ground, and received the injuries of which she complains.

The defendants demur to the declaration on the ground that it does not allege any legal duty which they owe to the plaintiff.

(1)   In the absence of any legislative enactment on the subject, an abutting land-owner is not liable to travellers for injuries received by them because of a defect in the street in front of his premises, unless such defect is caused by his own act or fault.   Elliott on Roads and Streets, 539 ; 2 Dillon on Mun. Cor. 4 ed. § 1012, and cases cited in the notes ; and see also *Heeney* v. *Sprague*, 11 R. I. 456.

The declaration does not allege any statutory liability nor any act of the defendants which caused the obstruction com-plained of.

Demurrer sustained, and case remitted to the Common Pleas Division.

*James A. Williams,* for plaintiff.

*Charles E. Gorman,* for defendants.