MARY F. SHIPLEY vs. SEWARD N. PROCTOR & another.

Middlesex.    December 10, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

St. 1896, c. 540, providing, that no city or town shall be liable for an injury on a highway suffered by reason of snow or ice thereon, has no application to an action against a landowner for a nuisance consisting of ridges of ice on the sidewalk adjoining his building.

A person who, walking slowly and cautiously along a sidewalk, sees a sheet of ice and steps upon it, and who looks into a window and then straight ahead without again looking at the ice, and shortly after falls upon a ridge of ice and suffers injury, may be found to be in the exercise of due care.

TORT to recover for injuries caused by the plaintiff falling on a ridge of ice on the sidewalk of Central Street in Lowell formed by water running from conductors or spouts attached to the defendants' building and emptying upon the said sidewalk. Writ dated September 9, 1899.

At the trial in the Superior Court, before *Stevens, J.*, there was evidence that there were ridges of ice on the sidewalk in question formed in the manner alleged and that the plaintiff was injured by falling on one of them.

The following extracts from the bill of exceptions give the plaintiff's description of the manner in which the accident occurred:

" The plaintiff testified on direct examination, that she was a woman fifty-eight years old; that on the eighth day of March she left her home on Cady Street in Lowell, Mass., and walked to Central Street; that she walked down Central Street on the right-hand side, which was the opposite side to where she was injured, to the Post Office building on Appleton Street; that after spending a few moments at the post office she started to return to her home, using the sidewalk on the opposite side of the street to walk upon ; that as she approached the sidewalk in front of the defendants' premises, she was walking slowly and cautiously until she got about in front of the unoccupied store in the defendants' building. About the middle of the sidewalk her foot slipped very suddenly on a ridge of ice, and she fell very heavily on her right side.

" On cross-examination the plaintiff testified, that as she approached the sidewalk in front of the defendant's premises she saw a sheet of ice on the sidewalk; that she stepped upon said ice and commenced to walk along and over the same; that about the time she commenced to walk upon said ice she looked into the window of an unoccupied store; that she continued to walk along while so doing; that she then turned her gaze from the store window and looked straight ahead of her up the street and did not look down at the sidewalk to see the ice or to pay any more attention to it; that a few minutes after she glanced at the unoccupied store she fell, as she testified, upon a ridge of ice, in front of that part of the defendants' premises where, as the evidence tended to show, the tin conductors as above described discharged water upon the sidewalk which became frozen and formed ice, and as a consequence she fractured her hip bone. The plaintiff in answer to a question asking her to describe the ice or portion of the sidewalk in front of the defendants' premises that was covered with ice said, that she could not for the reason that she 'was not giving it sufficient attention,' that she was not 'particularly noticing it'; that she knew that that portion of the sidewalk upon which she was going to walk was generally icy, and that she walked right along on the same looking forward and did not look down on to the sidewalk; and further testified, that the condition of the sidewalks on both sides of the street was not clear from ice and snow, that there were spots of ice and snow at little distances from each other, and that the short distance she went the sidewalks were not very bad."

At the close of the evidence, the defendants asked the judge to rule that there was no evidence of due care on the part of the plaintiff, and to order a verdict for the defendants. The defendants also among other requests asked the judge to rule, upon the question of the existence of a nuisance, that " a highway shall not be deemed unsafe or inconvenient for travellers using due care solely by reason of ice and snow thereon, if it would be reasonably safe and convenient for travellers but for the presence of ice and snow thereon." See St. 1896, c. 540. The judge refused to make these rulings.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*J. C. Burke,* for the defendants.

*J. J. Hogan,* for the plaintiff.

BARKER, J. The evidence tended to show that the conductors attached to the defendants' building were so arranged that the water from them formed ridges of ice upon the sidewalk. Whether the result was a public nuisance in the highway adjoining the defendants' premises was a question of fact. *Kirby* v. *Boylston Market Association,* 14 Gray, 249, 251, 252. This question was left to the jury under instructions to which ·no exception was taken. The request founded upon St. 1896, c. 540, was properly refused. That statute is part of the law as to the liability of municipalities, and applies only to that liability.

The only contention made in the argument before this court was that a verdict should have been ordered for the defendants, because the evidence would not justify a finding that the plaintiff was in the exercise of due care. But the evidence both as to the condition of the sidewalk where the plaintiff fell, and of the sidewalks generally was conflicting, and it might be found that in walking in front of the building there was no occasion for the plaintiff to exercise extraordinary care. She testified that as she approached the walk in front of the premises she was walking slowly and cautiously until she got about in front of the unoccupied store in the defendants' building, and that she saw a sheet of ice upon the sidewalk; that she stepped upon the ice and commenced to walk over it, and that about the time that she began to walk over the ice she looked into the window of the unoccupied store, continuing to walk, and then turned her gaze from the window and looked straight ahead up the street not looking down to see the ice or to pay any more attention to it. In *Wilson* v. *Charlestown,* 8 Allen, 137, chiefly relied on for the defendants, the whole sidewalk was covered with ice so as to be very slippery and dangerous, and the plaintiff had just passed over it, and had remarked upon its dangerous condition, and might have taken a safer way. These circumstances distinguish it from the present case. Upon the whole evidence reasonable care could be found, and the question of the plaintiff's care was left to the jury under instructions not excepted to.

*Exceptions overruled.*