## BECK, Appellant, v. FERD HEIM BREWING COMPANY.

### Division One, February 19, 1902.

1. **Negligence:** SLIDING OF EMBANKMENT: CAUSE OF ACTION. A petition which charges that a high embankment extended from defendant's lot down to the sidewalk, and that rain had caused the clay therefrom to wash and slide onto the sidewalk, and that in walking thereon the plaintiff slipped and fell, does not state a cause of action. In order to do that, it must charge that defendant had erected or was maintaining a nuisance on his premises abutting the sidewalk, that is, an embankment which rendered the street hazardous or less secure than it was left by the municipal authorities. No cause of action can be predicated upon defendant's failure to erect a barrier to keep the earth from sliding from an embankment on his premises down on to the sidewalk, for such is the result of natural causes.

2. ————: SIDEWALK: DUTY OF ABUTTING OWNER. The owner of property abutting on a sidewalk owes pedestrians no duty to maintain the sidewalk in a safe condition, and is not responsible for any defects therein which are not caused by his own wrongful act.

Appeal from Jackson Circuit Court.—*Hon E. P. Gates,*
Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1)   The authorities are uniform that the liability of a
municipal corporation for a defect in a sidewalk, as well as
that of an abutting property-owner for permitting an obstruc-
tion on the sidewalk in front of his property, is because they
are maintaining a nuisance.   Dillon on Mun. Corp. (4 Ed.),
sec. 1032; Wood on Nuisances, sec. 120; Congreve v. Smith,
18 N. Y. 82.   The courts of this State are in harmony with
the foregoing principle, and place the liability of an abutting
property-owner on the ground that he is guilty of maintaining
a nuisance.   Gordon v. Peltzer, 56 Mo. App. 603; Mancuso
v. Kansas City, 74 Mo. App. 144; Buesching v. Gas Light Co.,
73 Mo. 219; Wiggin v. St. Louis, 135 Mo. 566; Grogan v.
Foundry Co., 87 Mo. 329.   (2) The next inquiry will be as
to what is a legal nuisance.   "A nuisance can not arise from
the neglect of one to remove that which exists or arises from
purely natural causes.   But when the result is traceable to
artificial causes, or where the hand of man has in any essen-
tial measure contributed thereto, the person committing the
wrongful act can not excuse himself from liability upon the
ground that natural causes conspired with his act to produce
the ill results."   Wood on Nuisances (3 Ed.); sec. 116;
Livesey v. Schmidt, 96 Ky. 441.   (3) "Any act of an indi-
vidual, although performed upon his own soil, that detracts
from the safety of travelers upon a public street or highway,
is a nuisance, and actionable or indictable as such."   Wood
on Nuisances (3 Ed.), sec. 120; Garland v. Towne, 55 N. H.
55; Smethurst v. Cong. Ch., 148 Mass. 261; Shephard v.
Creamer, 160 Mass. 496; Shipley v. Fifty Associates, 101

Mass. 251; Walsh v. Mead, 8 Hun 387; Hannem v. Pence, 40 Minn. 127; McConnell v. Bostelmann, 72 Hun 238; Thuringer v. Railroad, 82 Hun 33.  An overhanging wall is a nuisance.  Miles v. Worcester, 154 Mass. 511; Langfeldt v. McGrath, 33 Ill. App. 158.  Where the walls of a building destroyed by fire are negligently permitted to stand, and fall into the street, injuring a traveler, the property-owner is liable. Franke v. St. Louis, 110 Mo. 516; Grogan v. Foundry Co., 87 Mo. 321; Church of Ascension v. Buckhart, 3 Hill 193. And the property-owner is liable if the wall or any portion of it falls into the street by reason of decay or other natural causes.  Alms v. Conway, 78 Mo. App. 490; Mullen v. St. John, 57 N. Y. 569; Murray v. McShane, 52 Md. 217; Jager v. Adams, 123 Mass. 26; Khron v. Brock, 144 Mass. 516; Wilkinson v. Detroit S. & S. Wks., 73 Mich. 405; Swanson v. Elec. Light & C. Co. (Wis.), 71 N. W. 1098; Kappes v. Appel, 14 Bradw. (Ill. App.) 170; Coal Co. v. Clemmitt, 49 N. E. 38.

*Ben. T. Hardin* for respondent.

It seems strange, indeed, that this court should be called upon at this late day to again assert the law to be that:  "An abutting owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act."   And whatever may be his obligation to the city when ordered by it to build or repair a sidewalk, and whatever may be his liability for a defective construction when he undertakes to do it, he is under no obligation to the public to keep the sidewalk in front of his premises in repair or clean and free from obstructions, and is not liable for a failure to do so. This is the settled law of this State, as laid down in the following well-considered cases:   Norton v. St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92; Independence v. Slack, 134

Mo. 66; Sanders v. Railroad, 147 Mo. 411; Banstian v. Young, 152 Mo. 317; Holwerson v. Railroad, 157 Mo. 216.

BRACE, P. J.—On the trial of this cause the defendant objected to the introduction of any evidence under the petition on the ground that it did not state facts sufficient to constitute a cause of action. The objection was sustained. The plaintiff took a nonsuit with leave, and his motion to set the same aside having been overruled he appeals.   So much of the petition as is relied upon for a statement of his cause of action is as follows:

"Plaintiff states that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Missouri, and is the owner of the following described real estate, situated in Jackson county, Missouri, to-wit:   The east eighty-five feet of lot four hundred and one in block thirty-six of Old Town, an addition to the City of Kansas (now Kansas City).   That said real estate is situated at the northwest corner of Fifth and Locust streets, in said city, and has a frontage of eighty-five feet on Fifth street; that a plank sidewalk extends along Fifth street in front of said real estate of defendant and adjacent to said sidewalk on the side of the property line, and upon said real estate is an embankment of earth about twenty feet high.   Plaintiff states that for a portion of the way along the frontage of said real estate on Fifth street, a retaining wall has been built for the purpose of keeping the earth from said embankment from sliding down on said sidewalk, but for a distance of about thirty feet back from said corner no such wall exists.   Plaintiff states that in consequence of the failure and neglect of defendant to erect a barrier to keep the earth from sliding down from said embankment on to said sidewalk, earth had run down from said embankment and was deposited on said sidewalk at the time hereinafter mentioned at a point about thirty feet west from said corner and where said retaining wall stops.   . . .

"Plaintiff further states that on. the thirtieth day of April, 1898, and for a long time prior thereto, there was a deposit of clay earth on said sidewalk at said point, which came from said embankment and that the same was known to defendant, or might, by the exercise of ordinary care and prudence, have been known to defendant in time to have averted the injury to plaintiff hereinafter complained of.

"For his cause of action plaintiff states that on the evening of said day he was walking in an easterly direction along the sidewalk on the north side of Fifth street, between Oak and Locust streets in said city. That it was raining and the deposit of clay earth on said sidewalk at the point hereinbefore mentioned was very slippery. Plaintiff further states that on arriving at said point his feet slipped on the sidewalk owing to the deposit of clay earth thereon, and plaintiff fell violently to the sidewalk.

"Plaintiff further states that as a result of said fall his left leg was broken just above the ankle; that he has been confined to his home ever since, unable to follow his usual vocation of cook; that he has suffered and will continue to suffer in the future great bodily pain and mental anguish; that said injury is of a permanent nature; all to plaintiff's damage in the sum of five thousand dollars, for which sum he asks judgment with costs."

The rule invoked in support of the petition, well established by the authorities cited in the brief of counsel for the plaintiff, is "that any act of an individual, although performed upon his own soil, that detracts from the safety of travelers upon a public street or highway, is a nuisance, and actionable or indictable as such." [1 Wood on Nuisances (3 Ed.), sec. 120.] ˙ Or as otherwise stated: "No person, not even the adjoining owner, whether the fee of the street be in himself or in the public, has the right to do any act which renders the use of a street hazardous or less secure than it was left by the municipal authorities." [2 Dillon on Mun. Corp. (4

Ed.), sec. 1032.] There is no uncertainty about the law. The defect in the petition is that it does not state a case within the rule. It does not charge the defendant with the performance of any act upon his own soil detracting from the safety of the traveler on the street, or any act which renders the street hazardous or less secure than it was left by the municipal authorities. If the petition had charged the defendant with erecting or maintaining a nuisance on his premises abutting on the street, i. e., an embankment which rendered the street hazardous or less secure than it was left by the municipal authorities, the argument of counsel in support of it would be sound and the authorities cited in point. But such is not the case. For aught that appears in the petition, this street, sidewalk, and the embankment on the defendant's premises are in the same condition in which they were left by the municipal authorities, and thereupon is postulated a duty upon the part of the defendant to erect a barrier to keep the earth from sliding from the embankment down on the sidewalk, and plaintiff's right of action is predicated on the failure of the defendant to discharge that duty. But no such duty arose from the facts stated. By the operation of natural causes, earth will slide down the side of an embankment, accumulate at its base and become wet, and it was not the duty of the defendant upon the facts charged, to protect the sidewalk at the base of this embankment from the effects of such natural operations. The liability of an abutting property-owner for a dangerous sidewalk does not arise from such causes, but from the fact, that, by his own act, he caused such condition. As such owner he owes no duty to maintain the sidewalk in front of his premises in a safe condition and is not responsible for any defects therein which are not caused by his own wrongful act. [Reedy v. St. L. Brew. Assn., 161 Mo. 523; Baustian v. Young, 152 Mo. 317; City of Independence v. Slack, 134 Mo. 66; City of St. Louis v. Ins. Co., 107 Mo. 92; Norton v. St. Louis, 97 Mo. 537.] The petition

failed to state a cause of action against the defendant, the circuit court committed no error in sustaining the objection thereto raised in the manner aforesaid, and its judgment is affirmed. All concur.