### WILLIAM B. LEEK v. JOHN C. KREPS, JUSTICE OF THE PEACE.

Submitted June 19, 1903—Decided November 9, 1903.

Where a conviction for a violation of an ordinance fails to set out the offence of which the defendant is convicted, and the names of the witnesses sworn on the trial, the judgment will be set aside.

On *certiorari.*

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *Spencer Simpson.*

The opinion of the court was delivered by

GARRETSON, J. The writ of *certiorari* in this case directs a justice of the peace to certify the judgment order and proceedings in a certain action, plaint or proceeding brought against the prosecutor at the suit of Thomas Fairbrother to recover a penalty under an ordinance passed by the township committee of Riverside.

In response to this writ the justice has sent up an affidavit, a warrant and a copy of his docket, and with these a copy of an ordinance said to be the ordinance in question.

We do not determine in this case whether the ordinance was properly passed or is such an ordinance as a township committee might enact, nor whether it should have been proved in this case, or whether the justice was bound to take judicial notice of it.

The affidavit, dated July 24th, 1903, sets forth that Thomas Fairbrother, upon oath, complains that the prosecutor did, on the 24th day of July, 1902, at Riverside, do business with a horse and wagon by stopping at houses, selling goods and making collections for the same without a license,

and that the justice did then and there see him doing business.

Upon this affidavit a warrant, which recites this affidavit, was issued July 24th, 1902, and is returned, "served on the 24th of July, 1902, George Mante, Constable."

The docket of the justice sets forth: "Action brought this 24th day of July, A. D. 1902, for a penalty under the township ordinance for doing business without a license from the township of Riverside. An act, approved, passed finally April 2d, 1895. I did, on the 24th day of July, A. D. 1902, issue warrant and held the horse and wagon, which was loaded with merchandise, as an officer could not be found at that time. Thomas Fairbrother complained to me, John C. Kreps, that Wilmer B. Leek was doing business and to see if he had no license. I, John C. Kreps, did see Wilmer B. Leek (under age), the son of William B. Leek, violated the township ordinance of Riverside township, finally passed April 2d, 1895, by stopping at the house of Mrs. Reed and collect and do business with chattels. The penalty for violating the act is one hundred dollars. After hearing the evidence and allegations of the parties I gave judgment that the defendant had forfeited the penalty demanded and that the plaintiff, the Riverside township, recover of the defendant the sum of three dollars and eighty-five cents, to be paid to the Riverside township committee for revenue only, as the ordinance reads."

It does not appear from this judgment, if this can be called a judgment, of what offence against the ordinance the prosecutor was found guilty. The justice states only that he (the justice) saw the prosecutor violate the township ordinance "by stopping at the house of Mrs. Reed and collect and do business with chattels;" this is not a violation of any provisions of the ordinance.

The ordinance states it to be "to license and regulate cartmen, porters, showmen, vendors of merchandise," &c., and then goes on to state, "to license and regulate cartmen and certain other persons, hacks and other vehicles, boarding-

houses and other business, and fix the rate of compensation to be paid therefor," and that fees shall be imposed for revenue and provides no person shall be required to take out a license in order to sell any product of his farm or to sell meat or milk.

It then proceeds to fix license fees for the persons and businesses and places of business mentioned; in some cases the license fee is $10 a year and in some cases $10 a day, and concludes with this clause: "The penalty for violation of the above ordinance to be one hundred dollars." "Stopping at the house of Mrs. Reed and collecting and doing business with chattels" is not any business, or is the person so acting required by the ordinance to be licensed, and the judgment fails also to determine whether the prosecutor had a license or not.

This is not a legal conviction, because it fails to set out the offence of which the prosecutor was convicted. *Salter* v. *Bayonne,* 30 *Vroom* 128.

There is also a failure to state anywhere in the proceedings the names of the witnesses upon whose testimony the prosecutor was convicted, and for this reason they are defective; the most obvious inference is that he was convicted without any witnesses whatever being sworn, but by the justice on his own view. *Lindsley* v. *Boyle, Penn.* 207; *Steelman* v. *Bolton, Id.* 321.

The judgment will be set aside.