ANNIE CAVANAGH *vs.* CARL A. BLOCK. ,

Suffolk.    March 16, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Nuisance.    Way.*

A woman passing over a private way on which abuts the house occupied by a person employed by her as a dressmaker, while going to and returning from the house upon this business, has the rights of an abutter on the way as against one maintaining a nuisance thereon.

The owner of a house within his control abutting on a private way which is not a part of his premises, who constructs and maintains the eaves, gutter and conductor of the house in such an improper and negligent manner as to cause in the winter a dangerous accumulation of ice in front of the house upon the part of the way designed and fitted for travel, is liable to a person who while lawfully travelling on the way in the exercise of due care is injured by a fall caused by the nuisance thus created.

TORT for personal injuries from falling on the sidewalk of Humboldt Place, a private way leading out of Dorchester Avenue in Boston, owing to an accumulation of ice and snow caused by the alleged negligence of the defendant in maintaining the adjoining premises owned and controlled by him. Writ dated February 26, 1903.

At the trial in the Superior Court *White*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant§ and the plaintiff alleged exceptions. .The facts which a jury would have been warranted in finding on the evidence are stated in the opinion.

*J. A. McGeough*, (*W. J. Sullivan* with him,) for the plaintiff.

*J. E. Young*, for the defendant.

KNOWLTON, C. J.   The plaintiff was injured by falling upon an accumulation of ice on a walk at the side of a private way called Humboldt Place.   A block of eight tenement houses was built on one side of this way, close to the line of the sidewalk, along the front of the lots.   The defendant's house was No. 6, and, like the others, it occupied the entire front of the lot, which was twenty-one feet wide.   It was a three story wooden building, with a tar and gravel roof pitching slightly to the front and rear from the ridgepole in the centre.   The eaves in front extended over the sidewalk about twenty-two inches from the wall of the house.   A gutter was constructed under the eaves in front, with a conductor, which extended down from near the end of the gutter, on the side of the house, and emptied water on the sidewalk.   The abutters constructed sidewalks in front of their respective premises, some of brick and others of plank.   That in front of the defendant's house was of plank. All the abutters had a right in common to use the way, and the sidewalk was used by all abutters and others who had occasion to pass over the way.

The occupant of one of these houses was employed to do dressmaking for the plaintiff, and the plaintiff went to the house on this business.   She was there by invitation, and was not ⁓a mere licensee, if that would make any difference in a case of this peculiar kind, which we do not decide.   In passing along the way she stood in the place of an abutter, and in using the walk she was in the exercise of a legal right.

There was evidence for the jury on the question whether she was in the exercise of due care.   *Shipley* v. *Proctor*, 177 Mass. 498.   *Smith* v. *Lowell*, 6 Allen, 39.   *Frost* v. *Waltham*, 12 Allen, 85.   *McGuinness* v. *Worcester*, 160 Mass. 272.

She was not upon the defendant's premises, and there is no evidence that he was under any legal obligation to keep the

way in front of his house safe and convenient for the occupants of other houses, or for those using the way in their right, but it was his duty not to use his own property in such a manner as to create a nuisance on the way. *Watkins* v. *Goodall*, 138 Mass. 533. It was his duty not to erect his house so near the way, or to construct gutters or conductors to discharge the water that accumulated on his roof upon the way, in such a manner as to make a dangerous accumulation of ice in winter, which would make the way unsafe for travel.

There was evidence from which the jury might have found that the construction of the house and the gutter and conductor was improper and negligent, in reference to the defendant's duty not to create a nuisance upon property which belonged to others, for use in connection with their respective estates. The evidence tended to show that this conductor might be expected to accumulate, and did accumulate, in cold weather, a great irregular mass of ice in that part of the way which was designed and fitted for travel. That there is a liability on the part of the owner, to one injured from such a cause, has been decided in many cases. *Kirby* v. *Boylston Market Assoc.* 14 Gray, 249. *Milford* v. *Holbrook*, 9 Allen, 17. *Shipley* v. *Fifty Associates*, 101 Mass. 251. *Watkins* v. *Goodall*, 138 Mass. 533. *Smethurst* v. *Barton Square Church*, 148 Mass. 261. The liability does not depend upon an obligation to keep the way in good condition, but upon the duty of every landowner not to accumulate water on his premises and discharge it from a spout or channel upon neighboring property to the injury of those rightfully using that property. The principle is very similar to that which is the ground of the decision in *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577. Cases like *Moffatt* v. *Kenny*, 174 Mass. 311, where the injury happened to the plaintiff while on the defendant's property, have no application to this action.

The defendant testified that, if there was any occasion to repair the roof or look after the conductor or gutter, his agent would employ a man to do it, and the defendant would pay the bill. He also said that he made all repairs, and once every year before the cold weather he employed a man to clean out the gutters. The jury well might find that the defendant, and not

the tenant, was responsible for the construction and condition of the roof, gutter and conductor. The defendant was not relieved from his duty to keep the premises in such a condition as not to create a nuisance by a covenant of the tenant, as in *Wixon* v. *Bruce,* 187 Mass. 232.

We are of opinion that the case should have been submitted to the jury.

*Exceptions sustained.*