MARY ATKINSON, Appellant, v. SHERIFF MOTOR COMPANY,
Appellee.

LANDLORD AND TENANT: Use of Premises—Defect in Sidewalk— Liability of Tenant. The tenant of a building which abuts upon a ·public street is not liable for personal injuries resulting to a pedestrian from falling on account of stepping into a 1½-inch curved depression in the sidewalk adjacent to said building, when said depression was not occasioned by any *affirmative* act of the tenant's, but had, from ordinary travel, been gradually forming through a series of years, it not appearing that the tenant was under any statutory or ordinance duty to repair. (See Book of Anno., Vol. I, Sec. 5945, Anno. 155 *et seq.*)

Headnote 1: 36 C. J. p. 248 (Anno.)

Headnote 1: 13 R. C. L. 326 *et seq.*

Appeal from Polk District Court.—LESTER L. THOMPSON,
Judge.

MARCH 8, 1927.

Action at law, to recover damages for personal injuries.
The facts are fully stated in the opinion. Verdict directed
for the defendant. Plaintiff appeals.—Affirmed.

Cosson & Newcomb, Sampson & Dillon, and Victor Shultz,
for appellant.

Stipp, Perry, Bannister & Starzinger and Gillespie & Can-
field, for appellee.

STEVENS, J.—Appellee, a corporation, occupied as tenant,
at the time the injuries complained of were received, a building
at the northeast corner of Tenth and Locust Streets in the city
of Des Moines, where it maintained an automobile sales office
and service station. There was a side entrance toward the rear
of the building from Tenth Street. This entrance was used for
the passage of automobiles to and from the street, over the
abutting sidewalk. Long-continued use of the driveway by
automobiles, trucks, and other vehicles had caused a depression,
variously estimated by the witnesses as from six to twelve inches
in width, two feet in length, and one and one-half inches in
depth, to be worn in the sidewalk, where the wheels passed over
it. The depression was gradual from the surface of the side-
walk toward the center, and in no sense abrupt, so that the foot
might be caught, and cause pedestrians to fall upon the side-
walk. On September 10, 1923, appellant, having occasion to
pass by the garage on the sidewalk, stepped with one foot into
the depression described, and fell violently to the sidewalk; re-
ceiving painful and serious injuries. She testified that, as she
approached the entrance to the garage, she observed an auto-
mobile on the inside of the building, which she thought was
about to be driven across the sidewalk; that her attention was
diverted thereby, and she did not observe the depression in the
sidewalk.

It is a general rule, almost universally recognized, that an

owner or tenant in the occupancy of a building abutting upon a public sidewalk or street who, by some affirmative act, or perhaps by some act of negligence, creates a nuisance, is liable to persons injured in consequence of such nuisance. *City of Ottumwa v. Parks*, 43 Iowa 119; *Calder v. Smalley*, 66 Iowa 219; *Edwards v. Hasel*, 157 Iowa 416; 2 Elliott on Roads and Streets (3d Ed.), Section 899, and cases cited. Instances in which this rule has been applied are numerous, and include excavations and obstructions in streets and highways, coal holes, basement areas, and excavations near highways, falling buildings, negligence in building, and many other instances of like character. 2 Elliott on Roads and Streets (3d Ed.), Section 901 to Section 913, and cases cited in the margin; *Murphy v. Herold Co.*, 137 Wis. 609 (119 N. W. 294); *Lindstrom v. Pennsylvania Co.*, 212 Pa. 391 (61 Atl. 940); *Gridley v. City of Bloomington*, 68 Ill. 47; and other cases cited in appellant's brief.

It is either conceded or clearly shown by the evidence that the depression in the sidewalk of which appellant complains was several years in forming, and that it resulted from the passage of automobiles and trucks from and to the street over the same. It did not result from the affirmative act of the servants or agents of appellee, nor was it the result of negligence on its part. The lease under which appellee occupied the premises did not require it to repair the sidewalk or to keep it free from defects and in good condition. There are, it seems to us, three insuperable obstacles to a recovery by plaintiff in this case, viz.:

Neither the owner of a building abutting upon a public street or highway or his tenant was charged at common law with the duty to repair such sidewalk or street or to remove defects therefrom. It follows necessarily that, in the absence of a statute or a city ordinance imposing the duty upon the landlord or his tenant to repair the sidewalk and maintain the same in a safe condition, no liability exists on account of injuries occasioned to travelers as the result thereof. 4 Dillon on Municipal Corporations (5th Ed.), Section 1704; 2 Elliott on Roads and Streets (3d Ed.), Section 898; *Edwards v. Hasel*, supra; *Calder v. Smalley*, supra; *City of Ottumwa v. Parks*, supra; *Delaware, L. & W. R. Co. v. Madden*, 241 Fed. 808; *City of Des Moines v. Barber Asphalt Co.*, 208 Fed. 828; *Leek v. Kreps*, 70 N. J. Law 120 (56 Atl. 167); *Fife v. City of Osh-*

*kosh,* 89 Wis. 540 (62 N. W. 541); *Sneeson v. Kupfer,* 21 R. I.
560 (45 Atl. 579); *Beck v. Ferd Heim Brewing Co.,* 167 Mo.
195 (66 S. W. 928); *Lynch v. Hubbard,* 101 Mich. 43 (59 N. W.
443); *Martinovich v. Wooley,* 128 Cal. 141 (60 Pac. 760); 2
Shearman & Redfield on Negligence, Section 343; *Breen v. John-
son Bros. Drug Co.,* 297 Mo. 176 (248 S. W. 970).

It is a general rule that, where a city is bound to repair
the sidewalk, the owner of a building abutting thereon is not
liable for injuries caused by defects arising from a failure to
repair the same. The same rule, in the absence of contract,
applies to a tenant occupying the premises. *City of Keokuk v.
Independent Dist. of Keokuk,* 53 Iowa 352; 2 Elliott on Roads
and Streets (3d Ed.), Section 898; *City of Rochester v. Camp-
bell,* 123 N. Y. 405 (25 N. E. 937); *Wilhelm v. City of Defiance,*
58 Ohio St. 56 (50 N. E. 18); *City of Hartford v. Talcott,* 48
Conn. 525 (40 Am. Rep. 189); *Gridley v. City of Bloomington,*
88 Ill. 554.

The defect in question, being only about one and one-half
inches deep, with gradually sloping sides, and without any ele-
vations likely to trip persons going thereon, did not constitute a
nuisance. *Norman v. City of Sioux City,* 197 Iowa 1310; *John-
son v. City of Ames,* 181 Iowa 65; *Hirst v. City of Missouri Val-
ley,* 193 Iowa 1225; *Frisk v. City of Des Moines,* 196 Iowa 606.

The foregoing rules, well established and generally recog-
nized by the courts of this country, conclusively negative any
right of appellant's to recover damages in this case. Appellee
did nothing affirmatively to cause the depression in the walk,
which was attributable solely to the use made thereof, which was
lawful. Further discussion is unnecessary. The judgment is—
*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.