Briggs, J .
This- is an action of tort to recover for the . damage to the plaintiff’s merchandise occasioned by the influx of water to the basement in which it was stored. The answer of the defendant is a general denial.
The evidence in the case was as follows:
The defendant is the owner of a building (called the Masonic Building) situated on Centre Street. This building is let to various tenants and the defendant provides heat for the entire structure.
For that purpose it maintains a steam heating plant in the basement of the building. The boiler is supplied with water from the public water system. The boiler was installed in a pit located several feet below the level of the floor of the basement and an automatic pump was installed in the pit with the boiler for the purpose of keeping the pit dry in the event that there was any seepage of water into the pit.
This automatic pump was designed to become operative in the event any water in the vicinity reached a prescribed height.
*195 Attached to this pump was a pipe designed to convey the pumped water out of doors and to discharge it on the surface of the ground at a point approximately fifteen feet north from the northerly wall of the building in a vacant lot owned by the defendant.
Adjacent to the north wall in the rear of the defendant’s building is a ditch (referred to at the trial as a moat). It is approximately three feet wide' and four feet six inches in depth. Its purpose is. to permit light to enter the basement of the building.
There was evidence that the vacant lot was saucer shaped and that when water was being discharged on previous occasions it gathered in the center of the saucer and seeped down into the ground.
There was further evidence that this arrangement for disposing of the water in. the basement was proper and adequate under normal circumstances, and that on no previous occasions had any of the discharged water flowed into any cellars.
On February 28,1945, the vacant lot in question was covered with an accumulation of snow and ice.
On the occasion in question, which occurred during said night of February 28, 1945, the drain-off valve of the boiler was opened by a vandal and the pit in the boiler room began to fill with water, and as a result thereof a time came when the automatic pump went into action and began to discharge water on the ground at the point already mentioned.
A substantial portion of the water which was thus being discharged from the defendant’s basement flowed under the accumulation of snow and ice in said vacant lot, in an easterly direction, and then in a southerly direction, eventually flowing into the moat and into the plaintiff’s basement, flooding same and causing substantial damage to plaintiff’s merchandise in plaintiff’s1 basement.
There was evidence that the boiler was an automatic stoker and required no janitor service during the night time.
When the drain-off valve had emptied the boiler of a substantial portion of the water which was in it, an automatic intake valve opened and caused the water to flow continuously into the boiler. The water continued to run out through the drain-off valve into the pit, and the automatic pump continued to function by *196 ejecting the water through the pipe into the vacant lot on the northerly side of the building.
While the water was thus flowing into the plaintiff’s premises an officer or servant of the defendant arrived on the scene and caused a hose to be attached to the end of the discharge pipe with the result that the water was conveyed in a different course and no longer entered the plaintiff’s premises.
It was agreed by the parties in open Court that the building was owned and operated by the defendant and that for the purposes of the trial a vandal broke into the basement and opened the drain-off valve.
The trial court in a memorandum of finding says “Although this case was not formally submitted to me as a case stated, so far as liability is concerned there is no conflict in the evidence and I find the primary facts to be as stated in the testimony and agreement ■as to certain facts made by counsel in open court. I find that there was no negligence on the part of the defendant and that under normal circumstances no water would have flowed upon the plaintiff’s premises.
I find that an act of vandalism by a third person of whom the defendant had no knowledge and over whom it had no control was the proximate cause of the damage which would not otherwise have occurred” . . . I find for the defendant.
The defendant filed six requests for rulings of law. As to these the Court said “these are in reality requests for findings of fact rather than requests for rulings of law. Treating them as requests for findings of fact, I find the facts to be as stated in the requests”. So construed we find no error in the action of the Court.
The plaintiff duly requested the following rulings of law, which were denied:
“1. One is liable for any damage caused if he discharged water on his neighbor’s land by means of a definite artificial channel. 2. The discharging of water from the defendant’s boiler room in the manner disclosed by the evidence imposes an absolute liability ■on it, without proof of negligence, and irrespective *197 thereof, and the condition that it thus created on the premises where the plaintiff’s merchandise and effects were stored, was, as a matter of law, a nuisance. 6. Upon all the evidence the finding should be for the plaintiff.”
The Court granted the first request “as a correct statement of law, nothing further appearing” and then referred to his findings of fact, in which he finds that an act of vandalism was the proximate cause of the damage and would not have otherwise occurred. It is well settled that the findings of fact are not before us on review. We find no error in the action of the Court.
The second request was denied. The Court said “The request is double. If I am in error on this point and ought to rule on both negligence and nuisance then I rule as follows :
“A. ‘As to negligence: I rule that on my findings there is no absolute liability without proof of negligence, and as above stated I find there was no negligence.
B. As to nuisance: While I do not find a nuisance as a matter of fact, if a nuisance existed as matter of law as is asked for in the request, then I find that none existed for which the defendant is liable to the plaintiff under the facts found as stated in this memorandum, and particularly as I find that the defendant had no reason to anticipate the act of vandalism. See Bratton v. Rudnick, 283 Mass. 556, 560, 561, 563. I find that the case at bar falls under the exception stated in Gorham v. Gross, 125 Mass. 232 (at 238) to the rule invoked by the plaintiff.’ ”
It is the contention of the plaintiff that the doctrine of absolute liability set forth in the English case of Rylands v. Fletcher, L. R. 3 H. L. 330; as followed here by Shipley v. Fifty Associates, 106 Mass. 194; Fitzpatrick v. Welch, 174 Mass. 486 and similar cases is controlling, but analysis of these cases shows that the rule in this jurisdiction not of absolute liability since there are exceptions to it. The principle *198 of these eases does not impose absolute liability for ordinary uses of property, as in this case, which involved no great threat to neighbors.
The Court held that this case fell under the exception to the doctrine of absolute liability as stated in Gorham v. Gross, 125 Mass. 232 and Bratton v. Rudnick, 283 Mass. 556. In the cases relied on by the plaintiff a permanently dangerous situation had been created. In the present case it was agreed, and found that a vandal broke into the building of the defendant, and there set in motion the water which eventually flowed into the plaintiff’s cellar. Such an act could not be anticipated and the defendant had no reason to apprehend such an injury to the plaintiff.
It does not appear that the land and building was used in an exceptional manner nor that its use was dangerous. It was the unforseeable intervention of the vandal, quite outside the common experience of mankind that brought about the damage.
This case falls within the law as interpreted in Gorham v. Gross, 125 Mass. 232; Kaufman v. Boston Dye House, Inc., 280 Mass. 161; Bretton v. Rudnick, 283 Mass. 556; Brian v. Sopkin & Sons, Inc., 314 Mass. 180, 182. These cases all involve the exceptions to the doctrine of absolute liability. Under the law as therein established we find no error on the part of the Court in dealing with the second request.
There was no error in the refusal to grant the 6th request. It violated Buie 27 of the Buies of District Courts in that no specifications were filed as required. By the terms of this rule, while this Division is not required to review a request which violated its provisions, it may in its discretion do so. In reviewing the request, however, we find no error in view of the testimony disclosed by the report, and the findings properly made thereon.
No error by the trial court is disclosed and the entry will be Beport dismissed.