JOHANNA MUTZEL, appellant, v. NORTHWESTERN BELL TELEPHONE COMPANY, a corporation, appellee.

No. 48799.

(Reported in 72 N.W.2d 487)

OCTOBER 18, 1955.

Uhlenhopp & Cady, of Hampton, for appellant.

Leming & Hobson, of Hampton, and Wm. F. McFarlin, of Des Moines, for appellee.

WENNERSTRUM, J.— Plaintiff sought recovery from defendant for personal injuries claimed to have been sustained by reason of a fall on an icy sidewalk adjacent to defendant's property in Hampton, Iowa. The defendant filed a motion to strike certain portions of an amended petition to which reference will be later made and also a motion to dismiss plaintiff's petition. The trial court sustained the motion to strike and also the motion to dismiss. Plaintiff filed a written election not to plead further and to stand on the record as made. This constitutes a final adjudication. Rule 86, R. C. P.; Wright v. Copeland, 241 Iowa 447, 449, 41 N.W.2d 102. Plaintiff has appealed from the ruling on the several motions.

In an amendment to plaintiff's petition the pertinent allegations which were stricken are as follows:

"(a) The Defendant Company was negligent in that it maintained and allowed to exist the fence described * * *, which

fence caused the snow to pile up on the sidewalk * * *, all of which Defendant Company well knew.

"(b) The Defendant Company was negligent in that on December 25, 1954, or prior thereto, it failed to remove the snow and ice that had been piled on the said sidewalk where plaintiff fell, as hereinabove set out."

The defendant, by filing its motion to dismiss, admitted the allegations of the plaintiff's amended petition which were well pleaded. Gates v. City of Bloomfield, 243 Iowa 671, 674, 53 N.W.2d 279. It was therein alleged: the defendant is the owner of the property abutting the sidewalk whereon the plaintiff fell, the sidewalk on which she claimed to have sustained her injuries was much traveled, the defendant had maintained for at least two years a board or rail fence approximately 14 inches high and running east and west and adjacent to the south edge of the lot, that on account of the fence snow had accumulated on the sidewalk adjacent to the defendant's lot, that by reason of melting and freezing of the snow and the walking thereon by the public the surface of the sidewalk became slippery, icy and rough and this condition had continued for ten days, the defendant-company had knowledge of this fact, and as the result thereof the plaintiff slipped and fell with resulting injuries as alleged in her petition.

We do not deem it necessary to detail other facts concerning the plaintiff and the extent of her claimed injuries. The question presented on this appeal is a legal one. We must determine whether the stricken allegations can be the basis of a claim of negligence on the part of the defendant. We must also determine whether the amendment to the petition alleges any grounds of actionable negligence and whether plaintiff's petition was properly dismissed.

I. The plaintiff in her brief submitted to this court concedes it is the general rule in Iowa an abutting property owner is under no duty to remove snow and ice from the sidewalk adjacent to the property. Atkinson v. Sheriff Motor Co., 203 Iowa 195, 197, 212 N.W. 484; Case v. Sioux City, 246 Iowa 654, 657, 69 N.W.2d 27, 29. It is contended, however, that the holdings of this court do not give an abutting property owner the

right to construct or maintain any structure upon his property which casts snow or water upon the abutting sidewalk and subjects foot passengers to the risk of great bodily injury. It is further maintained the fence which the defendant had erected had caused an artificial accumulation of snow on the abutting sidewalk. The plaintiff in her petition, in the stricken portion heretofore quoted, had alleged the: "* * * fence caused the snow to pile up on the sidewalk * * *." This statement was undoubtedly meant to mean the snow was caused to drift on the sidewalk. We then must decide whether the erection and maintenance of the fence constituted a negligent act on the part of the defendant, which caused snow to be artificially placed on the walk.

There is no allegation the fence was negligently constructed. Nor is there any allegation the snow was caused to accumulate on the sidewalk other than by natural causes. It is not alleged the fence was constructed for the purpose of casting snow on the walk. Except where it is shown the accumulation of snow on a public walk and the subsequent ice thereon was the result of some artificial act on the part of the abutting owner, there is no liability on such owner. Dahlin v. Walsh, 192 Mass. 163, 77 N.E. 830, 6 L. R. A., N. S., 615, 617. Unless there is a statutory provision to a contrary effect, the owner of property owes no duty to a pedestrian to keep the sidewalk in front of it clear of snow and ice coming thereon from natural causes. 25 Am. Jur., Highways, section 522, page 803.

In Sewall v. Fox, 98 N. J. L. 819, 821, 121 A. 669, 28 A. L. R. 1357, 1359, it is stated: "The common law imposed no duty upon an abutting owner on the highway to keep the sidewalk in front of his premises free from snow or ice." See also Bentson v. Berde's Food Center, 231 Minn. 451, 44 N.W.2d 481, 22 A. L. R.2d 733, 736, 737.

And in Bamberg v. Bryan's Wet Wash Laundry, Inc., 301 Mass. 122, 123, 16 N.E.2d 653, 654, there is set forth a statement applicable to the pleadings in the instant case: "There was no evidence to warrant a finding that any of the snow on the sidewalk in question was put there by the defendant or that it came from the defendant's premises, and no evidence that the

ice on the sidewalk was formed from water coming therefrom. The owner or occupant of premises abutting on a public way is under no obligation to keep the sidewalk free of snow or ice which came there from natural causes. Mahoney v. Perreault, 275 Mass. 251, 253, 175 N.E. 467, and cases cited." See also Berman v. Massachusetts Building Trust, Mass., 123 N.E.2d 388, 389; W. T. Grant Co. v. Casady, 117 Colo. 405, 188 P.2d 881, 885. Applying the foregoing statement to the pleadings in the instant case we observe it is not alleged the snow was put on the sidewalk by the plaintiff or that it came from the defendant's property by reason of the fence. There is also no allegation the ice on the sidewalk was the result of snow artificially cast on it and coming from defendant's property. If we were to hold the defendant liable under the pleaded facts it would be just as logical to hold the owner of a building liable where, by reason of wind currents resulting in drifting, snow accumulated on the sidewalk and adjacent to the side of a building.

It has, however, been held a person may not use his property carelessly to the injury of others and that where an owner of abutting property maintains it in such a manner ice forms on the adjacent walk as the result of artificial rather than natural causes, liability for injuries to a person falling thereon may result. Bentson v. Berde's Food Center, supra.

The pleaded facts are not similar to those set forth in the case of Klepper v. Seymour House Corp., 246 N. Y. 85, 158 N.E. 29, 62 A. L. R. 955, where snow fell on a sidewalk from a sloping cornice of an adjoining building. We have been referred to cases where a building owner has been held liable by reason of ice forming on a public walk as the result of water brought on to it from a building or by reason of a defective downspout. Annotation, 62 A. L. R. 964. The pleaded facts are not similar.

II. A property owner does not have charge of, or control over, a public sidewalk and consequently the owner of adjacent property owes no duty to a pedestrian to clear or make safe for walking, ice and snow which had naturally accumulated on the sidewalk in front of it, unless a statute validly imposes that duty. Radinsky v. Ellis, U. S. App. D. C., 167 F.2d 745, 746. This court recently so held in Case v. Sioux City, supra. See also Johnson v. Prange-Geussenhainer Co., 240 Wis. 363, 2

N.W.2d 723, 725; Shepstedt v. Hayes, 221 Minn. 74, 21 N.W.2d 199, 201; Sherman v. La Crosse Refining Co., 181 Wis. 51, 193 N.W. 1004, 1005, 34 A. L. R. 406; Abar v. Ramsey Motor Service, Inc., 195 Minn. 597, 263 N.W. 917, 919.

The situation in the present case is not similar to Hynes v. Brewer, 194 Mass. 435, 439, 80 N.E. 503, 9 L. R. A., N. S., 598, wherein it is shown the property owner maintained a retaining wall adjacent to the sidewalk. It is therein disclosed surface water resulting from rain and melting snow formed an artificial pool, which when sufficiently accumulated would overflow on to the sidewalk. The plaintiff, in the cited case, fell on ice formed on the walk resulting from the overflow of water from the adjacent property. It was therein stated: "This would bring the case within the general rule that a landowner cannot, without being liable therefor, erect such buildings or structures upon his own land as will create a public nuisance in a highway. He has not the right to collect surface water into an artificial channel and thus to discharge it upon the highway. Cavanagh v. Block, 192 Mass. 63, 77 N.E. 1027; Shipley v. Proctor, 177 Mass. 498, 59 N.E. 119; Rathke v. Gardner, 134 Mass. 14; Smith v. Faxon, 156 Mass. 589, 31 N.E. 687; Fitzpatrick v. Welch, 174 Mass. 486, 55 N.E. 178, 48 L. R. A. 278."

In the case before us for review the pleaded facts do not disclose the snow came from the property of the defendant or that if it did it was by reason of any negligent act of the defendant. There is no pleaded fact that the claimed icy and rough condition on the sidewalk was the result of actionable negligence by the defendant. Freeman v. City of Minneapolis, 219 Minn. 202, 17 N.W.2d 364, 367.

We hold the trial court properly sustained the motion to strike portions of plaintiff's petition and the motion to dismiss.—Affirmed.

All JUSTICES concur.