ELIZABETH BREUER, appellee, v. ALFRED J. MATALONI and BETTY MATALONI, appellants; TOWN OF ASHTON, defendant.

No. 51588.

(Reported in 133 N.W.2d 114)

FEBRUARY 9, 1965.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellants.

Frank E. Kennedy, of Sibley, for appellee.

L. L. Corcoran, of Sibley, for defendant, Town of Ashton.

STUART, J.—Plaintiff brought this action against the Town of Ashton and Mr. and Mrs. Mataloni to recover damages for personal injuries she sustained in a fall on an icy public sidewalk in front of the Mataloni home. The trial court submitted the case to the jury which returned a verdict in favor of the town, but awarded plaintiff damages from Mr. and Mrs. Mataloni. They have appealed assigning as error the court's failure to sustain their motion for directed verdict and the court's failure to enter judgment in their favor notwithstanding the verdict of the jury. For the purposes of this appeal, we will refer to the Matalonis as if they were the sole defendants.

The question presented is whether defendants owe a duty to the general public to keep the portion of a public sidewalk which crosses a private residential driveway free and clear from snow or ice which may accumulate there as a result of the normal and usual use of such driveway.

On February 3, 1963, snow had accumulated on the ground

in Ashton to a depth of about seven inches. No snow had fallen since the preceding Thursday, January 31. Defendants', sidewalk including that portion which crossed their driveway had been cleared. The gravel driveway had not been shoveled. Plaintiff testified there was snow and ice on the sidewalk the width of the driveway with ridges up to one and one-half inch high the width of car wheels. The parties acknowledge this condition resulted from the use of the driveway by defendants' one car and the cars of guests in their home, if any. Plaintiff, 77 years of age, slipped and fell as she attempted to cross the driveway.

Both parties concede this case is controlled by Franzen v. Dimock Gould & Co., 251 Iowa 742, 101 N.W.2d 4. In that case recovery was permitted for personal injuries received when plaintiff slipped and fell in accumulations of snow and ice on a public sidewalk where it was crossed by a driveway adjoining defendants' commercial establishment. Plaintiff relies upon our holding in that case in which we held it was for the jury to determine whether defendants' negligence had created hazardous condition. In commenting on the evidence, we said:

"The evidence is that the entire walk, including this crossing, had been cleared of snow soon after the heavy fall about twelve days before. The situation disclosed by Exhibit 1 was brought about by the trucks and cars of appellant, its employees and customers and was allowed to remain potentially dangerous. The jury could find from the evidence that snow and slush were carried from appellant's parking lot and from the street, deposited on this public walk and left there to constitute a hazard to pedestrians. The picture is substantial evidence that appellant and those under its control affirmatively caused and maintained an artificial and dangerous condition which was the cause of plaintiff's injuries." 251 Iowa 742, 750, 101 N.W.2d 4, 9.

Defendants rely upon authorities cited in the opinion and argue the dictum expressed therein clearly excludes the instant case from the holding of the Franzen case. We said:

"An abutting owner is not liable to pedestrians who sustain injuries by falling on snow or ice which occurs naturally on a public sidewalk, nor is he liable for injuries sustained by reason

of the sidewalk being in a dangerous condition from ordinary wear and tear or action of the elements. Mutzel v. Northwestern Bell Tel. Co., 247 Iowa 14, 72 N.W.2d 487, and cases cited.

"We do not hold that the ordinary use of a private driveway in the ordinary manner may in all cases create a nuisance or legal hazard even though the natural surface of snow and ice thereon may be slightly changed. Whether or not a dangerous situation or nuisance is created thereby is a question for a jury to determine under proper instructions, as in this case, where, according to the jury's verdict, snow and slush not originally there were deposited on the crossing in substantial amounts and made hazardous by vehicles of the defendant, its employees and customers.

"*If a private residential driveway across a public sidewalk were involved and if it were used as such driveways are ordinarily used and no unusual or unnatural hazard were created other than necessarily accompanies normal use we would be disposed to hold otherwise. We are inclined to say that a slick or rough spot on a private driveway, resulting from normal and natural use, where negligence is not involved, would not support a verdict for plaintiff.*

"The common law imposed no duty upon abutting property owners to keep the sidewalks in front of their premises free from ice and snow accumulated thereon in the natural way. Mutzel v. Northwestern Bell Tel. Co., supra; Bentson v. Berde's Food Center, 231 Minn. 451, 44 N.W.2d 481, 22 A. L. R.2d 733, 736, 737. The same rule prevails in Iowa. Atkinson v. Sheriff Motor Co. and Case v. City of Sioux City, both supra." Franzen v. Dimock Gould & Co., 251 Iowa 742, 747, 748, 101 N.W.2d 4, 8.

We feel the facts here fall squarely within the dictum of the Franzen case which we have emphasized above. Abutting property owners owe no duty to the general public to keep that portion of a public sidewalk which crosses a private residential driveway free and clear of ice and snow which accumulates there from the ordinary and usual use of such driveway.

This conclusion is in accord with the general rule stated in 63 C. J. S. 229, Municipal Corporations, section 862b(1):

"Also, an abutting owner or occupant is not liable at com-

mon law for injuries resulting from snow or ice coming on the sidewalk through natural causes, or where it accumulates through no wrongful act or omission on his part; nor is he bound to guard against the risk of accident by sprinkling ashes or using any other like precautions."

Many driveway cases are cited under this statement. See also the authorities reviewed in the dissenting opinion in the Franzen case, 251 Iowa 752, 101 N.W.2d 11.

■ Plaintiff argues the instant case does not come within the dictum because the evidence here establishes the ice and snow covered the width of the drive and was therefore more than a "slick or rough spot." The principle involved is whether it accumulated as a result of normal and usual use of the driveway rather than the size of the icy spot. Its application does not depend upon the size of the area involved. There is no suggestion here that the snow was deposited by other than the normal use of the driveway.

The trial court erred in failing to direct a verdict in favor of the defendants and in failing to award them a judgment notwithstanding the verdict. The case is therefore reversed. Costs are taxed to plaintiff except that defendants shall pay all costs of printing the record and appellants' brief and argument in excess of $1.50 per page.—Reversed.

All JUSTICES concur.