**Harold BROOKS, Appellant,**

v.

**Donald DICKEY, Appellee.**

**No. 52883.**

Supreme Court of Iowa.

April 9, 1968.

Eckhardt, Goedken & Burns, Muscatine, for appellant.

Seymore M. Raben, Davenport, for appellee.

MOORE, Justice.

This is a law action tried to the court for damages to automobiles resulting from collision on a narrow bridge. Plaintiff Harold Brooks appeals from denial of his claim and judgment for defendant Donald Dickey on his counterclaim. We affirm.

About 9:30 a.m. March 7, 1966, plaintiff was driving his 1962 Ford in a southerly direction on County Road W in Muscatine County. Located thereon approximately 10 miles west of Muscatine is a bridge 300 feet long, 15½ feet wide, commonly known as Salisbury Bridge. We take judicial notice this is a relatively narrow bridge by modern standards. In any event, several witnesses so described it. The approach to the bridge from the west curves over a distance of approximately 300 feet resulting in a ninety degree directional change so that the road actually runs east and west across the bridge.

Defendant's wife, accompanied by two of her minor children, was then driving defendant's 1964 Oldsmobile in a westerly direction across the bridge. A collision of the left front corners of the two vehicles occurred about six feet east of the west end of the bridge. On trial the parties stipulated the amount of damages to each vehicle.

Each driver had traveled the road on several prior occasions and was familiar with the width and flow of traffic across the bridge.

Plaintiff testified he saw defendant's car midway on the bridge as he was negotiating the curve leading to it from the west. Defendant's wife observed plaintiff's vehicle about the same time. Both estimated their respective speeds as 15 to 20 miles per hour when each first saw the other.

Plaintiff further testified that upon seeing defendant's car he began decelerating on the somewhat slick gravel road and eventually came to a complete stop with the front eight feet of his car on the bridge and the rear remaining on the gravel road. His vehicle was stopped within three inches from the south guardrail of the bridge.

The record supports the conclusion plaintiff accomplished this stop when defendant's car was approximately 15 feet to the east. Defendant's vehicle continued, was not turned to the right (north) and the collision resulted. No personal injuries resulted.

On the day of the mishap the visibility was clear although snow had fallen the previous day, resulting in a one inch snow cover. Plaintiff stated the approch to the bridge was somewhat slippery, causing him to pump his brakes to avoid sliding while stopping his car. Only one set of tire tracks led across the bridge and these had been caused by cars following the same path. These tracks proceeded down the center of the bridge and were being followed by Mrs. Dickey.

The impact thrust plaintiff's car directly rearward approximately three feet. Mrs. Dickey testified she turned to the right in an attempt to avoid the collision but the physical facts do not support this contention and the trial court refused to so find. Plaintiff testified he saw Mrs. Dickey "let loose of the steering wheel and reach for—I couldn't tell for sure, but her body moved to the right hand side of the car." Mrs. Dickey's baby boy was riding next to her in the front seat. She stated she did not have "any recollection of letting loose of the wheel before the accident."

Mrs. Dickey testified it was common practice for a car approaching the bridge to stop in the road and wait for another if it had already commenced to cross. She said she thought plaintiff would do so. The gravel road was several feet wider than the bridge.

Another witness testified he always waited for other cars before he crossed over, adding that he did not know the practice of

other people in this regard. A different witness stated "to some extent" a custom had arisen whereby people would wait for an approaching car to complete the crossover, at least when the road was very wet or slick. An investigating officer testified he was not aware of such custom in the community although he had observed vehicles waiting for other cars to cross. He stated he would not pull onto the bridge in the face of an oncoming car if the surface of the bridge was slippery or the sun were in his eyes. Defendant testified he had regularly passed cars on the bridge and that this in fact often happened.

I. The trial court found Mrs. Dickey negligent in failing to have her car under control. Plaintiff was found negligent for failing to exercise reasonable care in driving upon the bridge knowing as he rounded the curve defendant's car was then half way across and that the bridge was narrow and snow covered except for one set of tracks. Defendant owner was allowed to recover against plaintiff under the doctrine of Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212, wherein we held the negligence of the driver will not be imputed to the owner on his claim for damages.

II. Plaintiff-appellant asserts the trial court erred in finding him guilty of negligence which was a proximate cause of the accident. Defendant as an affirmative defense so alleged. That he was required to so plead, see Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434; Kuhn v. Tank, Iowa, 156 N.W.2d 127, 129; section 619.17, Code 1966.

III. The trial court's findings of fact in this law action are binding upon us if supported by substantial evidence. Citation of authorities is unnecessary. Rule 344(f)1, Rules of Civil Procedure. This case is not reviewable here de novo. The trial court's decision on the facts has the effect of a jury verdict. It was for the trial court to determine the credibility of the witnesses and the weight to be given their testimony. Verschoor v. Miller, 259 Iowa 170, 143 N.W.2d 385, 389; Cronk v. Iowa Power & Light Co., 258 Iowa 603, 606, 138 N.W.2d 843, 844; McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130, 131. Further, the evidence will be construed in the light most favorable to the trial court's judgment. Thompson Wholesale Co. v. Frink, 257 Iowa 193, 198, 131 N.W.2d 779, 782; Phoenix v. Stevens, 256 Iowa 432, 436, 127 N. W.2d 640, 642; Staley v. Fazel Bros. Co., 247 Iowa, 644, 648, 75 N.W.2d 253, 255.

IV. Two other well-recognized rules of law, favorable to defendant, are here applicable. First, where two vehicles are approaching from opposite directions a narrow bridge or other place in the roadway, the vehicle reaching the bridge or place first is, in the absence of statutory provision, generally accorded the right of way across it. Worthington v. McDonald, 246 Iowa 466, 475, 68 N.W.2d 89, 94, 47 A. L.R.2d 135, and citations; 7 Am.Jur.2d, Automobiles and Highway Traffic, section 205. Second, noncompliance with custom is some proof of lack of due care on the issue of negligence if it is shown the party charged knew or should have known of such custom. Langner v. Caviness, 238 Iowa 774, 778, 28 N.W.2d 421, 423, 172 A.L.R. 1135; Jesse v. Wemer and Wemer Company, 248 Iowa 1002, 1016, 82 N.W.2d 82, 89; Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 385, 101 N.W.2d 167, 173; Barnes v. Bovenmyer, 255 Iowa 220, 227, 122 N.W.2d 312, 316; 65A C.J.S. Negligence § 232; Anno. 172 A.L.R. 1141.

That we might reach a different conclusion were we trier of the facts is of no consequence under the rules applicable to the appeal of this case. Our review of the record convinces us the trial court's findings of fact are supported by substantial evidence and the judgment must be

Affirmed.

All Justices concur.