Philip **TOWNSLEY**, Appellant,

v.

**SIOUX CITY, Iowa, a Municipal Corporation,** Appellee.

No. 53330.

Supreme Court of Iowa.

March 11, 1969.

Fred S. Nordenson, Sioux City, for appellant.

Paul A. Mahr, Sioux City, for appellee.

STUART, Justice.

Plaintiff was injured in a fall on a defective public sidewalk in Sioux City. His cause of action was tried to the court which found plaintiff's own negligence was a proximate cause of his fall and resulting injuries and entered judgment for defendant. Plaintiff has appealed claiming there is no evidence to support such finding and therefore the decision is contrary to law.

The decision of a trial court sitting as a trier of the facts has the force and effect of a jury verdict, Houlahan v. Brockmeier, 258 Iowa 1197, 1200, 141 N.W. 2d 545, 547, and the findings of fact are binding on us if supported by substantial evidence, R.C.P. 344(f) (1). The fact defendant introduced no evidence in its own behalf is of no importance if the decision is supported by plaintiff's evidence.

About 8:00 in the evening on August 1, 1963, while it was still light, plaintiff, age 40, and his wife walked to a neighbor's home where their daughter and her boyfriend were visiting. There were two homes and two or three vacant lots between plaintiff's home and their destination.

The sidewalk in front of the vacant lots was uneven and badly broken and cracked

in at least two places where the roots of large elm trees had raised the walk. Plaintiff had lived in this location about four years and, although this was the first time he had been to Tonner's house, he was familiar with the condition of the walk. Plaintiff testified: "We got from my house up to the Tonner's house that evening by walking around the side of the sidewalk on the lot. The empty lot alongside of the sidewalk. I didn't traverse up the sidewalk itself proper. I went alongside in the vacant lot area. That's where I walked. That was because of the broken sidewalk. I don't like to walk on an uneven sidewalk any more than you do."

About 10:00, after dark, plaintiff started to return home alone. He went out the side door of the Tonner home, down the pedestrian walk which was part of the driveway, cut diagonally across Tonner's lot toward the curb, intending to return home in the street. The path he selected took him over one of the badly defective places in the sidewalk in front of a vacant lot near Tonner's lot line. He did not follow the driveway to the street.

While plaintiff was near or on this defective place in the sidewalk, his wife called to him. He turned to talk with his wife. The fall occurred when a piece of the defective sidewalk gave way under his foot. He testified: "At the time the accident happened I turned around a little and then stepped on a piece of concrete that looked solid and it gave out under my foot. I saw the concrete before I stepped on it like anyone would see concrete in a dimly lighted place. It was dimly light. I adjusted to the light and could observe the sidewalk and see that I was walking on the sidewalk and generally what the sidewalk looked like."

The evidence is conflicting as to whether he fell as he turned to talk with his wife, as he turned back to proceed or after he had turned around and was continuing toward the curb. On this question the court said: "The plaintiff testified on cross-ex-amination that he was completely turned around again when he fell, that is turned around in the direction he was going, to the curb. His eyewitnesses do not confirm this and in fact if their evidence is to be believed, the opposite is true. The testimony of both Kenneth Mercer and Delores Townsley is to the effect that the plaintiff had turned around to talk to his wife when he fell. With such a division of proof with respect to the exact way in which the accident occurred, it is impossible for the Court to find that the plaintiff has shown by a preponderance of the evidence that the negligence of the defendant in failing to maintain the sidewalk in the proper state of repair was in fact the proximate cause of the accident and of the resulting injuries to the plaintiff."

To reverse this case we would have to hold, as a matter of law, plaintiff, under these facts, was not guilty of negligence which was a proximate cause of his fall and injury. This we cannot do. Plaintiff knew the condition of the sidewalk and had earlier avoided the very spot where he fell by walking around it. He could have reached the street by walking down the driveway. The exhibits reveal only parts of two regular size sections of the sidewalk were badly broken at the place where he fell. He could have avoided this defective condition by adjusting his diagonal path a few feet one way or the other. It is difficult to understand why he would choose a path which took him so close to one of the large trees which were causing the difficulty.

■ We cannot say, as a matter of law, plaintiff exercised the care of an ordinary reasonable prudent person for his own safety when he attempted to cross the sidewalk at this particular point or when he turned to talk with his wife while on or near the defective portion of the sidewalk. He admits he saw the defective condition. This is not the exceptional case in which the question of negligence can be decided as a matter of law. R.C.P. 344(f) (10).

Plaintiff's authorities are no help to him. In those we consider pertinent the contention was made by defendant that plaintiff was guilty of contributory negligence as a matter of law. In each we held a jury question was presented. Beach v. City of Des Moines, 238 Iowa 312, 321, 26 N.W.2d 81, 86; Blowers v. Waterloo, Cedar Falls & Northern Ry. Co., 233 Iowa 258, 263, 8 N.W.2d 751, 754; Markle v. Chicago, R. I. & P. Ry. Co., 219 Iowa 301, 308, 257 N.W. 771, 775; Smith v. City of Hamburg, 212 Iowa 1022, 1027, 237 N.W. 330, 333; Mangan v. Des Moines City R. Co., 200 Iowa 597, 607–608, 203 N.W. 705, 709, 41 A.L.R. 368, 376; Carver v. Minneapolis & St. L. R. Co., 120 Iowa 346, 354, 94 N.W. 862, 865. They do not support the contention that plaintiff was, as a matter of law not guilty of negligence which was a proximate cause of the fall and resulting injuries.

For the reasons stated the trial court is affirmed.

Affirmed.

All Justices concur except RAWLINGS, J., who takes no part.