**Alberta J. FRANTZ, Now Deceased, and Orion L. Frantz, Executor of the Estate of Alberta J. Frantz, Deceased, Appellee,**

v.

**KNIGHTS OF COLUMBUS, Appellant.**

**No. 55367.**

Supreme Court of Iowa.

March 28, 1973.

D. C. Nolan, of Nolan, Lucas & Nolan, and J. Patrick White, Iowa City, for appellant.

Willard M. Freed, Iowa City, and L. G. Klein, Coralville, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

MASON, Justice.

This is an appeal by defendant, Knights of Columbus, from an adverse judgment rendered in a law action tried to the court. Alberta J. Frantz instituted the action to recover for personal injuries sustained in a fall on premises possessed by defendant alleged to have resulted from the dangerous condition of the premises due to an accumulation of ice in the entryway patrons were invited to use in entering and leaving the building.

The incident giving rise to this action occurred February 8, 1969. That evening plaintiff and her husband attended a dance sponsored by the Booster Club of Regis High School at the Knights of Columbus hall in Iowa City, arriving at approximately 9 o'clock. About 11 p. m. they proceeded to leave the building through the door they had entered. Immediately outside this particular door is a slab of concrete about seven feet by nine feet in size. Plaintiff apparently slipped on some ice on the cement, fell and fractured her pelvis. She was hospitalized until March 30.

Plaintiff bases her right to recover on the theory defendant failed to properly

maintain a safe access and egress from the rear of the premises. She alleged in her petition defendant's negligence in one or more of the following respects was a proximate cause of her injuries: (1) that the defendant allowed ice to accumulate on the property immediately in front of and adjacent to the rear entrance; (2) in failing to warn plaintiff of the dangerous condition immediately in front of and adjacent to the entry where patrons were invited to enter; and (3) in failing to remove the accumulation of ice in front of and adjacent to the rear entryway.

Defendant in answer denied the specifications of negligence and as an affirmative defense alleged plaintiff's negligence was a proximate cause of the injuries of which she now complains.

Defendant's motion for directed verdict made at the close of plaintiff's evidence and renewed at the close of all evidence was overruled and judgment was awarded plaintiff for $18,442.20.

The trial court found there had been sleet, snow, cold and wind all week before the accident. Although February 8 was cold it did not sleet or snow. The court further found defendant was negligent in the respects specified in subparagraphs 2 and 3 set out, supra; that such negligence was a proximate cause of the accident and resulting injuries and damages to plaintiff; and defendant had failed to prove by a preponderance of the evidence plaintiff was negligent.

Defendant's motion for judgment notwithstanding findings of fact and in the alternative for new trial was overruled.

Defendant assigns seven errors relied on for reversal which it argues in four divisions. As summarized, defendant asserts, (1) the findings of fact are contrary to the evidence; (2) plaintiff failed to establish defendant had either actual or constructive knowledge of any slippery or otherwise hazardous condition on the premises; (3) the court applied erroneous principles of law in reaching its judgment; and (4) the judgment is excessive.

On this appeal neither the status of plaintiff as an invitee nor defendant's status as the possessor of the real estate involved is contested.

I. In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f)(1), Rules of Civil Procedure. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them. Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa 1970).

Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of the witnesses.

It is also true that findings of a trial court are to be broadly and liberally construed, rather than narrowly or technically. In case of doubt or ambiguity, findings will be construed to uphold, rather than defeat, the judgment. Henschel v. Hawkeye-Security Insurance Company, 178 N.W.2d 409, 415 (Iowa 1970).

Negligence is predicated upon an unperformed duty. The possessor of real estate is under a duty to use reasonable care to keep his premises safe for use by

invitees. Failure to do so constitutes negligence. The standard of reasonable care does not require the premises to be free from all defects so as to guarantee or insure the safety of all invitees. Neither does it require plaintiff-invitee to be a self-insurer. Hanson v. Town and Country etc. Center, 259 Iowa 542, 547, 144 N. W.2d 870, 874.

In the course of this opinion we have referred to defendant as the "possessor" of the real estate involved. Section 328E, Restatement, Second, Torts, contains this definition:

"A possessor of land is

"(a) a person who is in occupation of the land with intent to control it or

"(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

"(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)."

In *Hanson,* 259 Iowa at 548, 144 N.W.2d at 874, we set out the provisions of section 343 as it now appears in Restatement, Second, Torts:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

Comment (a) of the Reporter's Notes under the section quoted suggests that section should be read together with section 343A relating to known or obvious dangers which has been added in Restatement, Second, Torts, and provides:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. * * *." As stated in 343A, there are some situations in which there is the duty to protect the invitee against even known dangers, where the possessor should anticipate harm to the invitee notwithstanding such knowledge. Restatement, Second, Torts, section 343, comment (b).

Comment (b) under section 343A states:

"(b) The word 'known' denotes not only knowledge of the existence of the condition or activity itself, *but also appreciation of the danger it involves.* Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated." (Emphasis supplied)

II. Thus, one question presented is whether there is substantial competent evidence to support the trial court's finding defendant was negligent in performing the duty it owed to plaintiff as an invitee.

We turn to the record. Due to her physical inability to attend the trial, plaintiff testified by way of deposition.

Plaintiff was 53 years of age, a housewife married to Orion L. Frantz and the mother of seven children.

In her deposition, plaintiff testified she entered the back entrance of the hall with no difficulty, and gave little attention to any snow or ice on the walk. She gave the following answers in response to her attorney's questions:

"Q. Did you observe any snow or ice on the walkway or the area right outside the back door? A. Not particularly, no.

"Q. Anything there you observed that looked to be slippery? A. No, not really.

"Q. What is the fact as to whether or not you observed anything that appeared to be hazardous or dangerous? A. No."

Plaintiff's husband testified that prior to February 8, 1969, a Saturday, it had been "nasty all week, sleet, snow, cold, wind," and that February 8 was a "cold, windy day." He and plaintiff had been to the hall on several occasions prior to February 8 and the back entrance through which they entered was well-lighted by a flood light. He further gave this testimony concerning the condition of immediate area outside the entrance:

"Q. Now as you went up to the back entrance, what did you observe with reference to the surface around the back entrance? A. There was patches of ice, about all I know. I didn't pay that much attention.

"Q. But you did see patches of ice? A. Yes.

"Q. What about in the parking lot just back of the Elks—or back of the K.C.'s? A. Probably the same.

"Q. How about right up close to the back door where there's a cement platform? A. Well, I tell you, I really didn't pay that much attention.

"Q. Did you observe any snow or ice? A. Oh, yes, there was patches of ice."

Plaintiff's son, who also attended the dance on February 8, testified as follows:

"Q. What did you observe, if anything, with reference to the surface in the area of the back door and immediately north of the back entrance? A. *It was snowing,* it had been snowing the day before, and it was winter. There was some icy spots on the ground, so forth.

"Q. What .about just outside of the back door, what did you observe with reference to the surface? A. It was snow packed, you could say, or so. It was spotty. It wasn't cleaned off. It was kind of spotty." (Emphasis in the record).

The only witness for defendant was the individual responsible for managing the Knights of Columbus hall on February 8, who testified he was unaware of any ice condition near the back entrance to the building on the evening of February 8.

█ A possessor of land may avoid the liability owed to an invitee by making and keeping his land safe or by warning of the dangers. As pointed out, the trial court's judgment was predicated on its finding defendant (1) failed to warn plaintiff of the dangerous condition immediately in front of and adjacent to the entry where patrons were invited to enter the building and (2) failed to remove the accumulation of ice in front of and adjacent to the rear entry, the second and third specifications of negligence alleged by plaintiff as a basis for recovery.

Therefore, our examination is directed to a determination whether there is substantial competent evidence to support either of these specifications of negligence, Cavanaugh v. Jepson, 167 N.W.2d 616, 619 (Iowa 1969), when viewed in the light directed by authorities cited in division I, supra.

We consider first defendant's failure to warn plaintiff of the condition existing outside the rear entryway. There is no dispute defendant gave no warning. The question is whether under the circumstances defendant had a duty to warn.

In *Hanson,* 259 Iowa 542, 144 N.W.2d 870, this court considered the duty of a possessor of land to warn an invitee about defects in the premises. The opinion contains this statement of principle:

"While ordinarily a possessor of real estate would not be liable (or would not reasonably anticipate an unreasonable risk of harm to an invitee from an open or obvious defect), negligence may exist even though a defect is, in fact, open and ob-

vious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or *the risk of harm involved would not be anticipated or appreciated by the invitee*. In such circumstances there may be generated * * * [a question for the trier of fact] as to whether the premises are reasonably safe." (Emphasis supplied) *Id.* 259 Iowa at 549, 144 N.W.2d at 875.

References to and quotes from Restatement, Second, Torts in every slip and fall case in this court since *Hanson* indicate closer reliance on this authority than before. See Capener v. Duin, 173 N.W.2d 80, 83–84 (Iowa 1969) where our cases are collected.

This statement in comment (b) to section 343, Restatement, Second, Torts, is to the point: "* * * an invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception. He is therefore entitled to expect that the possessor will exercise reasonable care to make the land safe for his entry, or for his use for the purposes of the invitation. He is entitled to expect such care not only in the original construction of the premises, and in any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition and any latent defects, followed by such repair, safeguards, or warnings as may be reasonably necessary for his protection under the circumstances."

In comment (d) there is this pertinent statement: "An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and risk involved therein."

The holding in the *Hanson* case is summarized in Smith v. J. C. Penney Co., 260 Iowa 573, 585, 149 N.W.2d 794, 801, in these words:

" 'Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious, may be of such nature that the possessor should know the invitee would not anticipate *or guard against them* in using the premises within the scope of the invitation. * * *.' " (Emphasis supplied).

 Defendant is not relieved of its duty to warn plaintiff-invitee of the actual condition existing at the rear entryway to defendant's building even though the defective condition in that area was in no sense hidden and could only be classified objectively as open and obvious where the possessor should anticipate the harm to the invitee notwithstanding such knowledge or obviousness. " 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Comment (b) Restatement, Second, Torts, section 343A. See Capener v. Duin, 173 N.W.2d at 83.

 To resolve the question of whether the possessor, in the exercise of reasonable care to make the premises reasonably safe for plaintiff-invitee, should know the invitee would not anticipate or guard against open and obvious defects in the premises it must be measured in the light of all the facts shown. Adams v. R. S. Bacon Veneer Company, 162 N.W.2d 470, 473–474 (Iowa 1968).

 However, in order to impose liability by reason of the possessor's failure to warn the invitee of a dangerous condition on the premises the possessor must have known of it or in exercise of reasonable care would have discovered the condition requiring warning. This is also true of the possessor's duty to remedy the defective condition. Ling v. Hosts Incorporated, 164 N.W.2d 123, 126–127 (Iowa 1969).

 There is no evidence defendant's employees had *actual* knowledge of the

condition which caused plaintiff's fall. This is not a factual situation where the possessor of the premises involved created the alleged dangerous condition by its own activity as in *Hanson* where the condition complained of was created by the possessor's activity in piling snow on the walkway. The question of constructive notice was not an issue in *Hanson*.

Therefore, the problem at this point is whether there is substantial evidence the alleged slippery condition in the area of the rear entryway had existed for such time any of defendant's employees, in the exercise of reasonable care, should have known of it prior to the occurrence. We conclude that there is. Hence, defendant is charged with constructive notice of the actual condition of the premises.

In this connection we call attention to the fact plaintiff's husband, a cement finisher who had been working for a construction company in remodeling a tavern next door to the K.C. club, testified it had been "nasty all week, sleet, snow, cold, wind" and that the day of the occurrence was cold and windy.

There is also the fact one of plaintiff's sons testified "it had been snowing the day before and it was winter. There was some icy spots on the ground, so forth."

In line with the quoted comment from Restatement, Second, Torts, plaintiff was entitled under the circumstances shown to expect defendant would take reasonable care to ascertain the actual condition of the premises and, having discovered it, would either remedy the condition to make it reasonably safe for her entry or give warning of the actual condition and the risk involved. Here, defendant did nothing.

There is substantial evidence which justifies the trier of fact finding defendant's employees failed to exercise reasonable care to inspect the area involved and discover its actual condition; as a result of this neglect of duty the possessor failed to take steps to make the premises reasonably safe for plaintiff or warn her of the actual condition.

The court did not apply any erroneous rules of law in reaching its conclusion.

What we have said in this division disposes of plaintiff's first six assignments of error argued in three divisions.

■ III. Defendant in its remaining assignment insists the judgment is excessive and the result of sympathy for plaintiff on account of her physical condition as a result of cancer which was in no way connected with the injury.

Plaintiff, who has since died, incurred expenses for hospitalization and medical treatment in a total sum of $3113.20. As stated, she was awarded judgment of $18,442.20.

■ Allowance of damages is primarily for the trier of fact. This court will not interfere therewith unless it clearly appears the verdict is flagrantly excessive or inadequate, or so out of reason as to shock the conscience or sense of justice or raise a presumption it is the result of passion, prejudice or other ulterior motive or is lacking in evidential support. See Fetters v. City of Des Moines, 260 Iowa 490, 499, 149 N.W.2d 815, 821 and Stauter v. Walnut Grove Products, 188 N.W.2d 305, 313 (Iowa 1971).

We are satisfied the judgment in this case was reasonable and fair under all attendant circumstances and should not be disturbed.

The case is therefore—affirmed.

Affirmed.