Nadine DISBROWE, Appellee,

v.

Elon G. TUCKER and David Tucker, Appellants.

No. 55715.

Supreme Court of Iowa.

Oct. 17, 1973.

Whitfield, Musgrave, Selvy, Kelly & Eddy, by A. Roger Witke and David L. Phipps, Des Moines, for appellants.

Pasley, Singer, Seiser & Pasley, by C. A. Pasley and Stevan A. Holm, Ames, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

RAWLINGS, Justice.

Trial to the court resulted in judgment for plaintiff on her action for damages resulting from a fall on the sidewalk adjacent to defendants' dental office property and they appeal. We reverse.

To the extent here relevant plaintiff's petition alleges she went to defendants' office in Boone December 21, 1968, for the purpose of paying a bill. In departing she slipped on a patch of ice located on the sidewalk extending from defendants' property to the curb; the fall and resulting injuries were proximately caused by negligence on the part of defendants in failing to properly treat or keep the walk free of ice and snow.

Briefly stated the trial record reveals plaintiff fell on a public sidewalk with no showing that the fall causing ice accumulation resulted from other than natural conditions.

In light of our holding, *infra,* there is no need to discuss the pleading related motions and attendant rulings.

At close of all evidence trial court, as aforesaid, entered judgment for plaintiff.

In support of a reversal defendants assert, among other things which need not be instantly considered, the evidence was insufficient to sustain a finding of negligence on their part. We agree.

I. In Frantz v. Knights of Columbus, 205 N.W.2d 705, 708 (Iowa 1973), is this apt statement:

"In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f)(1), Rules of Civil

Procedure. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them. Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa 1970)."

See also Omaha Standard, Inc. v. Nissen, 187 N.W.2d 721, 723 (Iowa 1971).

Absent any determination as to where the fall occurred trial court merely found plaintiff fell and broke her leg as the result of defendants' negligence. Attendant conclusions of law consist of nothing more than the citation of three cases and one annotation.

We are thus called upon to deduce as best possible the underlying premise upon which trial court determined plaintiff was entitled to recover from defendants.

■ II. A finding of actionable negligence on the part of these defendants necessarily presupposes trial court found they breached a duty owing to plaintiff. See Frantz v. Knights of Columbus, 205 N.W. 2d at 708–709; Restatement, Second, Torts, § 281; 57 Am.Jur.2d, Negligence, § 1; 65 C.J.S., Negligence, § 4(1).

■ Mindful thereof we need only take note of Mester v. St. Patrick's Catholic Church, 171 N.W.2d 866, 869 (Iowa 1969) where this court dispositively stated:

"The municipality has a statutory duty to exercise reasonable care to keep its sidewalks reasonably safe for use by pedestrians. Section 389.12, Code 1966; City of Des Moines v. Barnes, 238 Iowa 1192, 1199, 30 N.W.2d 170, 173; 8 Drake Law Review 149, 'Injuries from Ice and Snow on Sidewalks.'

"The common law imposes no duty upon abutting property owners to keep the sidewalks in front of their premises free from ice accumulated thereon in the natural way. Breuer v. Mataloni, 257 Iowa 445, 448, 133 N.W.2d 114, 115, 116; Franzen v. Dimock Gould & Co., 251 Iowa 742, 747, 748, 101 N.W.2d 4, 8; Mutzel v. Northwestern Bell Tel. Co., 247 Iowa 14, 18, 72 N.W.2d 487, 489; Anno. 88 A.L.R.2d 331."

It it thus evident defendants instantly breached no duty owing to plaintiff.

Resultantly trial court's finding to the effect defendants were negligent is devoid of support in the record.

Plaintiff urges, however, the common law rule set forth in the *Frantz* case, *supra,* be here held inapplicable. We are not so persuaded.

Reversed.