**Mabel L. ROCKAFELLOW, Appellee,**

v.

**ROCKWELL CITY, Iowa, a Municipal Corporation, Defendant,**
**and**

**Iowa Public Service Company, a corporation, Appellant.**

No. 2–56249.

Supreme Court of Iowa.

April 24, 1974.

Davis, Jacobs & Gaul, Sioux City, for appellant.

Johnson, Burnquist, Erb, Latham & Gibb and Dale A. Johnson, Fort Dodge, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant Iowa Public Service Company appeals from judgment entered in a law action, tried to the court without a jury, in favor of plaintiff who assertedly sustained injuries in a fall due to a claimed accumulation of ice on a flight of steps admittedly a part of the public sidewalk. Plaintiff instituted her action against Rockwell City, a municipal corporation, and the defendant-appellant Iowa Public Service Company. A motion for directed verdict dictated into the record at close of plaintiff's case and renewed at the close of all the evidence by defendant Rockwell City was sustained. The City is not a party to this appeal.

Iowa Public Service Company maintains an office on the south side of an east-west street in Rockwell City. The building fronts to the north and is situated some distance from the east-west public sidewalk. A service walkway extends southerly from the public sidewalk to the service door of defendant's building. A grassy parking lies between the public sidewalk and the curb line of the east-west street, and a service walkway extends northerly from the public walk to a flight of three steps which descend to a narrower sidewalk which borders the curb.

At about 8:15 A.M. on February 27, 1970 plaintiff drove her automobile in an easterly direction on the east-west street and parked her car a few feet east of the flight of steps referred to above. She alighted from her car and crossed the parking, walking on the grass, proceeding in a southwesterly direction to the service door of defendant's building. She entered the building, paid her electric bill and then proceeded out the front door in a northerly direction on the service walkway, crossed the public sidewalk, traversed the sidewalk leading to the flight of steps, began to descend the steps and slipped and fell, fracturing a hip. The record indicates all the walkways were free of ice and snow and there was no snow accumulation in the area of the steps, but the court found, justified by the record, that there was approximately ⅛th to 1/16th inch of clear ice on the steps. The weather was clear and the sidewalks were generally dry.

Iowa Public Service was a rental tenant of the building in which it maintained its office. It had originally owned the tract upon which the building is situated and had sold the same in 1958 to one Pearson, under an arrangement that Pearson erect or secure the erection of the building and lease it to the Public Service Company for an 18-year period. The building, the public sidewalk, the service walkway, and the steps were all built as a part of the same construction project in keeping with plans and specifications developed by Iowa Public Service Company. The fact that the east-west sidewalk and the sidewalk running northerly from the public sidewalk, together with the steps in question, and the narrow sidewalk bordering the curb, are all on public property is not controverted.

In its legal conclusions, trial court determined plaintiff was a business invitee to the office of defendant Public Service Company; that the steps although on city property were controlled, maintained and constructively possessed by Iowa Public Service, and that even though said defendant had no knowledge of the existence of the ice on the steps, in the exercise of reasonable care it should have discovered the same and remedied the condition. The court further found defendant's duty extended to natural and artificial conditions existing on the premises and on the steps in question. Judgment was entered against Iowa Public Service in the amount of $14,500.

The issues presented by defendant for review succinctly paraphrased are:

1. Was plaintiff a business invitee to the premises of defendant under the facts of this case?

2. Was Iowa Public Service under a duty to exercise reasonable care to discover the icy condition of the steps, and under the facts of the case did plaintiff prove said defendant had notice of the condition?

3. If a property owner customarily removes ice and snow from a public sidewalk, is the owner liable for damages if on occasion he fails to remove the accumulated ice?

4. Is an abutting property owner liable to one who falls on ice naturally accumulated on a sidewalk located on city property?

I. In this law action tried to the court without a jury, trial court's findings of fact are binding upon us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure.

II. Irrespective of the fact the sidewalk and steps were constructed by the defendant Iowa Public Service or its landlord and in accordance with defendant's specifications, the sidewalk and steps are nonetheless on public property and ipso facto a part of the public sidewalk system of the City of Rockwell City. There seems to be no disagreement between plaintiff and defendant in this regard.

■ Further, although the steps in question adjoin the property of the defendant, and serve and permit patrons of the defendant to reach defendant's premises from the street level, they are also available for use by other pedestrians at all times. Parking on the street on which the property of defendant fronts is not restricted, and the street is available for parking by motorists at any time. The steps, we therefore are forced to conclude, were not exclusively a means of ingress or egress to the property of the defendant.

Plaintiff alludes in argument as supportive of her statement of issues relied on for affirmance to Restatement (Second) of Torts, §§ 328E, 332 and 343. The cited sections of the Restatement are not applicable to the factual situation before us, as we conclude defendant Iowa Public Service was not the "possessor" of the land upon which the steps were built, or the steps themselves.

III. The common law imposes no duty upon an abutting property owner to keep a sidewalk in front of his premises free from ice accumulated in a natural way. See Mester v. St. Patrick's Catholic Church, 171 N.W.2d 866 (Iowa 1969); see also Breuer v. Mataloni, 257 Iowa 445, 448, 133 N.W.2d 114, 115–116; Franzen v. Dimock Gould & Co., 251 Iowa 742, 747–748, 101 N.W.2d 4, 8.

Plaintiff suggests our holding in Smith v. J. C. Penney Co., 260 Iowa 573, 149 N.W.2d 794, is controlling and necessitates affirmance. In *Smith*, we reversed the trial court in rendering judgment non obstanti verdicto in favor of the property owner against whom a verdict had been rendered for an employee of the owner who fell while entering a back door where ice had formed due to an artificial rather than a natural cause, the ice having accumulated from runoff from the building roof. The Smith case is factually distinguishable from the matter now before us for we agree with the trial court in its findings and conclusions that the ice accumulation on the step upon which the plaintiff fell was due to natural causes.

■ A property owner does not have charge of, or control over, a public sidewalk and consequently the owner of adjacent property owes no duty to a pedestrian to clear, or make safe for walking, ice and snow which had naturally accumulated on the sidewalk in front of it unless a statute validly imposes that duty. Mutzel v. Northwestern Bell Telephone Co., 247 Iowa 14, 18, 72 N.W.2d 487, 489, and cases there cited.

IV. Plaintiff advances the proposition that, as the record indicates, Iowa Public Service had customarily cleaned the snow and ice from the public walks including the steps in question and that it was obligated to clear ice and snow therefrom. We are unable to agree with this contention of plaintiff, and are mindful that we spoke to this question specifically in Ling v. Hosts, Inc., 164 N.W.2d 123, 128 (Iowa 1969), and quoted from 65 C.J.S. Negligence (1966 Vol.) § 16b, at 602, and said:

> "'One who, out of a considerate regard for the safety of others, customarily exercises a higher degree of care than the law requires should not, however, be penalized for failure to use this higher degree of care on a particular occasion.'"

The fact therefore that the evidence indicates defendant Iowa Public Service had customarily removed snow and ice from the public sidewalk and the steps in question does not necessarily charge it with actionable negligence under the facts of this case.

V. We spoke to the questions presented by this appeal recently in Disbrowe v. Tucker, 211 N.W.2d 318 (Iowa 1973). At page 320 of the cited case, we said:

> "A finding of actionable negligence on the part of these defendants necessarily presupposes trial court found they breached a duty owing to plaintiff."

We hold the defendant breached no duty owing the plaintiff in this case. Our pronouncements in *Disbrowe, supra,* appear to us to be dispositive of the issues presented for review in the matter before us and necessitate reversal.

We have considered all of the other issues presented for review by defendant and upon which defendant relies for reversal, as well as all of the issues presented for review by plaintiff which she contends require affirmance. In view of our conclusions *Disbrowe, supra,* is dispositive of this appeal, we deem it unnecessary to elaborate upon the other stated issues.

The judgment of the trial court is accordingly reversed.

Reversed.

MOORE, C. J., and RAWLINGS and McCORMICK, JJ., concur.

HARRIS, J., dissents.

HARRIS, Justice (dissenting).

The question is whether defendant's duty to exercise due care for its business invitees was coterminous with the legal description of its landlord's property. The trial court held the duty existed as to a part of the business ingress and egress which extended over a public parking. Under the somewhat unusual facts of the case I agree with the trial court. I dissent because I believe defendant appropriated the part of the parking in question to its own use.

Defendant's 1958 building project included a walkway along and across the parking at the front of the building. The walkway, immediately adjacent to the street, was in addition and parallel to the public crosswalk. From this walkway another walk, including the steps in question, was constructed across the parking, the public crosswalk, and across a part of defendant's premises directly into the public entrance to defendant's building. The record easily supports the trial court's finding the walks were constructed on the parking in such a manner as to render the adjacent street the only practical parking place for defendant's customers. To be sure the steps in question could have been used by persons who were not in the process of entering or leaving defendant's building. But nearly all persons on the steps were doing so. And occasionally pedestrian customers entered the building via the regular public crosswalk without traversing the steps in question; but few did. It seems to me the controlling fact remains that defendant's sole reason for constructing and maintaining the steps in question was as a means of public ingress and egress. The steps were not public in the sense ordinary parking crosswalks are public. Defendant neither received nor sought the city's permission in constructing them.

I. I have no quarrel with the fundamental principles which greatly limit an occupant's duty to exercise due care in protection of persons outside the premises occupied. See Prosser on Torts, Fourth Ed., section 57, page 351; 62 Am.Jur.2d, Premises Liability, section 5, page 230. The majority points out we adhere to these recognized limitations as to natural accumulations of ice and snow on public crosswalks adjacent to the premises. Disbrowe v. Tucker, 211 N.W.2d 318 (Iowa 1973).

The trial court refers to defendant's dominion over the parking in question as constructive possession and control. But for the function of the steps and walk at the point in question as a part of ingress and egress the majority would be right in challenging this reference. I agree there was insufficient control of the parking by defendant to raise a duty to a member of the public who might traverse it.

" * * * In order to have the occupation or control of premises necessary to impose a legal duty with respect to the condition or use of those premises, one must ordinarily have the power and the right to admit individuals to the premises or to exclude them from the premises. * * *." 62 Am.Jur.2d, Premises Liability, section 12, page 240.

II. To reach its conclusion the majority must have adopted either or both of the following findings: (1) There was no factual basis in the record to support the trial court's finding the steps and walk in question were a part of the ingress and egress to defendant's place of business. (2) No duty exists to exercise due care to business invitees at a place of ingress or egress outside the occupant's premises. I think the majority is wrong on either count.

The facts previously outlined seem to me ample to preclude the majority's holding as a matter of law that the walks and steps in question were not constructed and maintained by defendant as a part of the means of ingress and egress for its customers. It is conceded some few customers may have

gained entrance to the building another way and is also conceded the walk could have been traversed by others. But this does not detract from the purpose of the walk and steps in question. The use of the walk may not have been entirely exclusive. But the purpose of their construction and maintenance was exclusive. It was to provide the entrance and exit for its business customers.

The duty of a land occupant to exercise due care to invitees is distinctive from the ordinary duties an occupant might have to those outside the premises. See Prosser on Torts, Fourth Ed., section 61, page 385.

"The special obligation toward invitees exists only while the visitor is upon the part of the premises which the occupier has thrown open to him for the purpose which makes him an invitee. The 'area of invitation' will of course vary with the circumstances of the case. It extends to the entrance to the property, and to a safe exit after the purpose is concluded; * * *." Id. at page 391. See also Frantz v. Knights of Columbus, 205 N.W.2d 705 (Iowa 1973).

We have extended the duty to exercise care for invitees beyond the premises where a designated means of ingress and egress extended across a public alley. Smith v. J. C. Penney Co., 260 Iowa 573, 149 N.W.2d 794. The majority claims Smith can be distinguished on the ground in Smith ice was accumulated by artificial means. If Smith could be distinguished on such a basis there would have been no occasion for us to point out and rely on the fact of ingress and egress across a public alley in that case. I think the majority in effect overrules Smith by refusing to acknowledge the duty we pointed out exists as to invitees whose designated entrance and exit extends over a public way.

A similar result was reached in Merkel v. Safeway Store, Inc., 77 N.J.Super. 535, 187 A.2d 52 (1962). The plaintiff in that case, a business invitee, parked his automo-

bile in a parking area provided by defendant. Similarly, access to defendant's store was across a public sidewalk upon which the defendant slipped and fell. It was conceded in that opinion the plaintiff could not have recovered had he been a mere pedestrian. It was however held he could recover under his status as an invitee. The facts in Merkel were strikingly similar to those presented in this appeal and the reasoning in the Merkel opinion seems to me inescapable, especially in view of our holding in Smith v. J. C. Penney Co., supra.

I believe defendant owed plaintiff a duty to exercise due care at the point in question.

III. Because the majority holds there is no duty it does not reach the question whether such a duty was breached. I think there was ample evidence to support the findings of the trial court. We reviewed the controlling principles in some detail in Frantz v. Knights of Columbus, supra. What we said there need not be repeated. I would affirm.