Gary PAPENHEIM, Appellant,

v.

Robert LOVELL, Appellee.

No. 95–1341.

Supreme Court of Iowa.

Sept. 18, 1996.

Gary Papenheim, Parkersburg, pro se.

Theodore T. Duffield, Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This case is here on second appeal to determine the measure of damages to an automobile. We reverse and remand for entry of judgment in accordance with this opinion.

■ In *Papenheim v. Lovell,* 530 N.W.2d 668 (Iowa 1995), one of the issues we decided was the appropriate rule to apply as the measure of damages to plaintiff Papenheim's automobile that was admittedly damaged by defendant. On remand, the trial court fixed the damages and entered judgment for the plaintiff. Papenheim now claims that the trial court misapplied the rule as set out in deciding the original appeal.

■ This is a law action and we review the district court's decision for error in its application of the legal principles established on the original appeal. Iowa R.App. P. 4; *Waukon Auto Supply v. Farmers & Merchants Sav. Bank,* 440 N.W.2d 844, 846 (Iowa 1989). The district court's decision will not be set aside unless induced by an erroneous view of the law. *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 708 (Iowa 1973).

The record on the original appeal established that the automobile could not by repair be placed in as good a condition as it was prior to the accident. We therefore held that the law formulated by paragraph three of the rules established in *Long v. McAllister,* 319 N.W.2d 256, 261 (Iowa 1982), applied. That rule states:

■ When the motor vehicle cannot by repair be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value before and after the injury, plus the reasonable value of the use of the vehicle for the time reasonably required to repair or replace it.

The trial court on remand found the value of the automobile before the accident was $22,000. On the first appeal it was established that the value after the accident before being repaired was $11,000. The difference of $11,000 is the amount of damage under paragraph three of the *Long* rules.

In its decision on remand the trial court used the before-accident value of $22,000, decided that the cost of repairs was $4158.23, and fixed the automobile's worth at $17,500 after repairs. Judgment for plaintiff was entered for the difference between $22,000 and $17,500, which is $4500, plus $4158.23, the repair cost. Total judgment was awarded to plaintiff in the amount of $8658.23.

The trial court's calculations are the result of error in that, in this case, the record established that the motor vehicle could not by repair be placed in as good condition as it was before the accident. The court's figures on cost of repairs and market value after being repaired came from testimony of a dealer who thought that if he bought the car for $11,000, repaired it for $4000, it would then have a resale market value of $17,000 to $18,000. This testimony factors in an assumed dealer profit of $2000 or $3000. The assumed profit on sale of the repaired car is lost to Papenheim who has not been made whole because of a phantom dealer profit.

If Papenheim could not sell the car after repairs for more than $19,658.23, he will not be made whole by $2341.77, the shortfall necessary to reach $22,000, the car's value before the damage. The $19,658.23 is the real value in damages, without dealer profit, of the trial court's award ($11,000 damaged value before repairs, plus $4158.23 to repair the car, plus $4500 representing the difference between the before value of $22,000 and the car dealer's assumed resale value of the car after repairs of $17,500). The trial court's calculations not only fail to make Papenheim whole in damages for his car, but also place the burden on Papenheim to make himself whole by finding a buyer willing to pay $17,500 for a nearly new, heavily repaired car. This result adds more speculation and uncertainty to the process of fixing the damage award and strays from the measure of damages established by *Long* and *Halferty v. Hawkeye Dodge, Inc.*, 158 N.W.2d 750, 753–54 (Iowa 1968).

In applying the correct measure of damages in the case at bar, under paragraph three of *Long*, the cost of repairs and the value after repairs is irrelevant. We cited *Halferty* as establishing the same rule as enunciated in paragraph three of *Long*. When the court in *Halferty* tried to apply the rule, however, it was stymied because there was no evidence of the car's value in its damaged condition. As an alternative, the court then decided the case using figures of the car's value after repairs had already been made. We recognized in our initial opinion on this matter that the application of the rule used in *Halferty* had to be altered because of the evidentiary posture. At the same time we reaffirmed the principle established by *Halferty* and paragraph three of *Long* and said it was consistent with the Restatement (Second) of Torts for damage to chattels. We believe the goal of making the plaintiff whole is sound and is accomplished by this rule.

The case is reversed and remanded for entry of judgment for Papenheim in the amount of $11,000, plus $757.00 in other damages established and affirmed on the first appeal. Costs are assessed to defendant.

**REVERSED AND REMANDED.**